UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>ART ADVANCED RECOGNITION )<br>TECHNOLOGIES, INC. )<br><br>Defendant. ) | Civil Action No. 04-10840-PBS |

**SCANSOFT, INC.'S MEMORANDUM IN OPPOSITION TO
ART'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 6,501,966
-AND-
IN SUPPORT OF SCANSOFT, INC.'S MOTION FOR CONTINUANCE
OF SUMMARY JUDGMENT PROCEEDINGS PURSUANT TO RULE 56(f)**

Lee Carl Bromberg, BBO #058480
Robert M.  Asher, BBO #022865
Julia Huston, BBO #562160
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618

Dated: September 13, 2004

*Counsel for Plaintiff, ScanSoft, Inc.*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

ARGUMENT ........................................................................................................... 3

I.  SUMMARY JUDGMENT MUST BE DENIED BASED UPON ART'S
    ACKNOWLEDGED INADEQUATE EVIDENTIARY SUPPORT ................................ 3

II. ART'S PREMATURE MOTION IS FUNDAMENTALLY
    INCONSISTENT WITH THE PROCEDURAL SCHEDULE ORDERED
    BY THE COURT. ............................................................................................. 5

    A.  Present Case Schedule Follows Proper Procedure To Develop
        Factual And Expert Discovery Record Necessary To Address
        Issues Raised. ..................................................................................... 5

    B.  ART's Motion Disrupts Coordination Of Claim Construction
        Proceedings With Related Voice Signal Case. ........................................ 6

III. ART'S PROPOSED IMPORTATION OF ADDITIONAL
     LIMITATIONS INTO THE CLAIMS MUST BE REJECTED AS
     LEGALLY ERRONEOUS. ................................................................................. 6

    A.  Plain And Ordinary Meaning Of The Claim Language Is Without
        Any Physical Location Requirement. ..................................................... 8

    B.  Specification Does Not Set Forth Any Special Definition Of Claim
        Terms. ................................................................................................. 9

    C.  Prosecution History Does Not Set Forth Any Special Definition Of
        Claim Terms. ....................................................................................... 9

IV. SUMMARY JUDGMENT MUST BE DENIED BECAUSE OF
    DISPUTED ISSUES OF MATERIAL FACT ........................................................ 11

CONCLUSION ....................................................................................................... 12

**SCANSOFT, INC.'S MEMORANDUM IN OPPOSITION TO
ART'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 6,501,966
-AND-
IN SUPPORT OF SCANSOFT, INC.'S MOTION FOR CONTINUANCE
OF SUMMARY JUDGMENT PROCEEDINGS PURSUANT TO RULE 56(f)**

## INTRODUCTION

ScanSoft, Inc. ("ScanSoft") hereby opposes the Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,501,966 filed by ART Advanced Recognition Technologies, Inc. ("ART").[1]   In support of this opposition, ScanSoft relies upon the Declaration of Julia Huston ("Huston Declaration") filed herewith.

For the second time in the short history of this case, ART urges peremptory adjudication without the inconvenience of legally sufficient evidence or the procedural and legal safeguards that provide fair and just resolution of patent cases.  ART's motion is no more than a warmed-over rehash of its prior motion to dismiss, which this Court properly rejected.  ART's new motion, styled a motion for summary judgment, is equally unmeritorious.

At the most fundamental level, ART's motion should be denied for failure to present admissible evidence in accordance with Fed.R.Civ.P. 56 and to properly comply with Local Rule 56.1, which requires "a concise statement of the material facts of record . . . with page references to affidavits, depositions, and other documentation."  Instead ART promises "to present its case with experts" at a proposed early Markman hearing ***after*** ScanSoft has filed its opposition.

---

[1]  ScanSoft reserves the right to supplement and/or amend this Opposition after fact discovery and expert discovery has been undertaken. *See* ScanSoft, Inc.'s Motion for Continuance of Summary Judgment Proceedings Pursuant to Rule 56(f), filed herewith.

ART's Memorandum at p. 8.  ART offers only the self-serving and incomplete declaration of its former employee, Aharonson, whose qualifications are not set forth.  Thus ART's motion does not include the evidentiary support required by Fed.R.Civ.P. 56, or an adequate documented "concise statement of material facts of record ...," as required by Local Rule 56.1.  "Failure to include such a statement constitutes grounds for denial of the motion."  Rule 56.1

ART's second-hand, second-time motion must also be denied as an improper challenge to this Court's Order of August 12, 2004, which established a schedule for this case.  In the August 12, 2004 Order, the Court directed that fact discovery shall be completed by January 15, 2005, experts shall be designated by January 30, 2005, opposing experts shall be designated by February 15, 2005, expert discovery shall be completed by March 15, 2005, summary judgment and Markman motion filings due by March 30, 2005, opposition due April 15, 2005, reply to opposition due by April 30, 2005, hearing on summary judgment and Markman issues set for May 26, 2005, at 2:00 p.m.  ScanSoft is entitled to rely upon the timetable and opportunities for discovery, expert designation and discovery, summary judgment and Markman briefing, and a hearing established by this Court's order.  In order to permit a fair and just adjudication of the case before the Court, therefore, ART's motion should be denied, or at the very least, proceedings thereon should be set to correspond to the schedule that this Court established in its August 12, 2004 Order.  Fed.R.Civ.P. 56(f).

ART's motion also revisits the mess of substantive errors contained in its previous motion to dismiss, conflating validity and infringement analysis and ignoring the requirement of proper claim construction prior to comparison of the claimed invention to the accused infringing products and methods. The confusion in ART's motion merely underscores the futility of

attempting to adjudicate a patent infringement case without resort to the proper tools of claim construction conducted in accordance with normal procedural safeguards.

ART's motion, which is defective for each of the above reasons, also commits a cardinal sin of claim construction by improperly seeking to import into the claim language additional unstated limitations from the specification. ART's contention of non-infringement requires the insertion of extraneous limitations into the claims, and rests upon factual assertions regarding the claim language and infringement that are disputed by ScanSoft. Hence ART's motion should be rejected both for its flawed claim construction and because genuine issues of material fact remain to be adjudicated.

## ARGUMENT

## I.    SUMMARY JUDGMENT MUST BE DENIED BASED UPON ART'S ACKNOWLEDGED INADEQUATE EVIDENTIARY SUPPORT

It is black letter law that in order to obtain summary judgment pursuant to Fed.R.Civ.P. 56, the moving party must prove with "such facts as would be admissible in evidence" that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Where the evidentiary support for the motion is lacking, summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986)(summary judgment should be denied if there is sufficient evidence such that a jury could return a verdict for the nonmoving party). An affidavit that fails to meet the requirements of Fed.R.Civ.P. 56(c) will be disregarded. *Fleet Nat. Bank v. H&D Entertainment, Inc.,* 96 F.3d 532 (1st Cir. 1996)(courts regularly disregard conclusory affidavit statements). In addition, Local Rule 56.1 requires " a concise statement of the material facts of record…with page references to affidavits, depositions and other documentation. … Failure to include such a statement

-3-

constitutes grounds for denial of the motion." Local Rule 56.1.   ART's motion fails to satisfy any of these requirements.

ART  itself explicitly acknowledges that it needs to introduce further facts not presented in its purported Rule 56.1 statement in order to present its case and proposes to supply the missing evidence <u>after</u> ScanSoft has filed its opposition.  That is,  ART admits that its deficient record will require it "to present its case with experts." ART's Memorandum, p. 8. ART proposes that this additional unspecified expert testimony, by as yet undesignated experts, with unknown qualifications, using not yet described analysis of unknown materials, will provide the additional material facts not yet of record but necessary to support ART's motion.   Thus ART explicitly admits that the sparse record of facts at this stage – before any meaningful discovery, and before designation or reports of experts – is wholly inadequate to support ART's motion. For this reason alone, ART's motion must be denied.

The partial evidence which ART does include with its motion – in the form of the Aharonson Declaration – is itself deficient.  The Aharonson Declaration shows on its face that it contains a facsimile signature from Aharonson, a resident of Israel (*see* Exhibit I, Huston Declaration at ¶16), which lacks the recital required by 28 U.S.C. Sec. 1746 for a document signed outside the United States.   Hence it fails the most fundamental requirements of Fed.R.Civ.P. 56(e).   Moreover, the Declaration contains no description of Aharonson's qualifications to offer opinions on the correspondence of terms in the patent claims to either the prior art references or to the accused ART products and methods and thus fails to satisfy Fed.R.Evidence 702.   More fundamentally, the Declaration contains no basis for establishing that Aharonson is qualified to offer opinions on the level of ordinary skill in the art to which the patent in suit pertains, or on the understanding of the person of ordinary skill in the art as to what

the terms in the claims mean.  In addition, Aharonson's discussion of claim terms and of correspondence between claims, prior art and ART's products is at a level of generality which makes it so vague and amorphous as to be useless.  Because of these deficiencies, the Aharonson Declaration provides no support whatsoever for ART's motion. *See, e.g., Schubert v. Nissan Motor Corp. in U.S.A.*, 148 F.3d 25, 31 (1st Cir. 1998)(lower court properly excluded conclusory affidavits not satisfying Rule 56(e)); *Skinder-Strauss Associates v. Massachusetts Continuing Legal Educ.*, 914 F. Supp. 665, 669, n. 3 (D. Mass. 1995) (Saris, J.) (disregarding conclusory allegations in affidavit submitted in support of motion for summary judgment).  ART's motion must accordingly be denied for lack of record support.

## II.    ART'S PREMATURE MOTION IS FUNDAMENTALLY INCONSISTENT WITH THE PROCEDURAL SCHEDULE ORDERED BY THE COURT.

### A.    Present Case Schedule Follows Proper Procedure To Develop Factual And Expert Discovery Record Necessary To Address Issues Raised.

Rule 56(f) permits a court to deny or defer a premature motion for summary judgment in order to allow necessary discovery to occur:

> "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f).

In this case, the Court has already entered an Order setting the schedule for this case which provides for fact discovery and depositions, designation of experts, expert reports, and expert depositions in advance of dispositive motions and claim construction. Huston Declaration, Ex. C (Order dated August 12, 2004).   ART's apparent eagerness for an early resolution does not relieve it of the obligation to present with its motion the facts and opinions required for

support. At a minimum, proceedings on ART's motion should be deferred to correspond to the already established schedule. *See id.*; *See also, e.g., Resolution Trust Corp. v. North Bridge Associates*, 22 F.3d 1198, 1208 (1st Cir. 1994)(Stating that Rule 56(f) continuances to complete discovery should be liberally granted).

> **B.    ART's Motion Disrupts Coordination Of Claim Construction Proceedings With Related Voice Signal Case.**

ART's premature motion is also incompatible with the case schedule already in place in the related Voice Signal case. *See* Plaintiff's Assented-To Motion to Revise Scheduling Order in Civil Action No. 04-10840-PBS, dated August 16, 2004, which was granted by the Court by electronic Order dated August 17, 2004 (setting forth dates for fact discovery, expert discovery, summary judgment filings, and Markman hearing consistent with the dates in the ART case).  At the request of ScanSoft and with the assent of Voice Signal, this Court logically and efficiently synchronized the case schedule in the Voice Signal case with that of the ART case so that all issues of claim construction related to the '966 patent could be addressed in a single coordinated process, concluding with a single consolidated Markman hearing on May 26, 2005. ART's self-serving scheme would deprive Voice Signal of its right to be heard, or at a minimum, require duplicative proceedings in two cases involving the same patent.  Thus, the Court should not disturb the carefully balanced scheduling orders in these cases by rushing prematurely into piecemeal claim construction as urged by ART.

## III.    ART'S PROPOSED IMPORTATION OF ADDITIONAL LIMITATIONS INTO THE CLAIMS MUST BE REJECTED AS LEGALLY ERRONEOUS.

ART's motion must be denied because it proposes partial and incomplete claim construction on an admittedly inadequate record.  But even what it does propose must be rejected

as legally erroneous. ART argues, erroneously, that the terms "voice recognizer" and "receiving a command" contain invisible limitations of physical location.

Under well-established principles, claim construction is a question of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). "It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, —F.3d—, 2004 WL 1780928, p. 3 (Fed. Cir. August 11, 2004); *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 339 (1961)("[T]he claims made in the patent are the sole measure of the grant.").

A court may not read additional "missing" limitations into a claim. *E.g., Innova/Pure Water*, at p. 3; *McCarty v. Leigh Valley R.R. Co.*, 160 U.S. 110, 116 (1895)("[W]e know of no principle of law which would authorize us to read into a claim an element which is not present.") Thus, "particular embodiments appearing in the written description will not be used to limit claim language that has broader effect." *Innova/Pure Water*, at p. 5. Even where only one embodiment is described, the plain language of a claim cannot be limited "unless the patentee has demonstrated a clear intention to limit the claim scope using 'words or expressions of manifest exclusion or restriction.'" *Id.*

The claim language itself governs the meaning of the claim. *Vitronics Corp. v. Conceptronic, Inc.* 90 F.3d 1576, 1582 (Fed. Cir. 1996). As the Federal Circuit recently reiterated, the meaning of claim language is construed according to its usage and context. *Home Diagnostics, Inc. v. Lifescan, Inc.*, —F.3d—, 2004 WL 1925613 p. 3 (Fed. Cir., August 31, 2004); *ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1378 (Fed Cir. 2003). "The touchstone for discerning the usage of claim language is the understanding of those terms among artisans of

ordinary skill in the relevant art at the time of invention." *Home Diagnostics*, at p.3. "Absent a special and particular definition created by the patent applicant, terms in a claim are given their ordinary and accustomed meaning." *Renishaw PLC v. Marposs Societa' Per Anzioni*, 158 F.3d 1243, 1249 (Fed. Cir. 1998); *see also Innova/Pure Water,* at pp. 3-4; *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1341 (Fed. Cir. 2001). It is a cardinal sin of claim construction to inject an additional limitation into a claim where it has not been set forth in a clear and unambiguous special definition in the specification or prosecution history. *See id.; see also Hoganus AB v. Dresser Indus., Inc.*, 9 F.3d 948, 950 (Fed. Cir. 1993)("It is improper for a court to add 'extraneous' limitations to a claim, that is limitations added wholly apart from any need to interpret what the patentee meant by particular words or phrases in the claim.").

## A.    Plain And Ordinary Meaning Of The Claim Language Is Without Any Physical Location Requirement.

"[T]he claims define the scope of the right to exclude; the claim construction inquiry, therefore, begins and ends in all cases with the actual words of the claim." *Renishaw PLC,* 158 F.3d at 1248. Claim 1 of the '966 patent reads as follows:

> 1.   A speech recognition method for a mobile telecommunication system which includes a voice recognizer capable of recognizing commands and characters received from a mobile telecommunication user, the method comprising the steps of:
> receiving a command from the mobile telecommunication user;
> determining whether the command is a first or second command type;
> if the command is the first command type, collecting digits representing a telephone number to be dialed received from the mobile telecommunication user; and
> if the command is the second command type, determining whether a previously stored telephone number is associated with a keyword received from the mobile telecommunication user.

ART proposes adding limitations with respect to the terms "voice recognizer" and "receiving a command." But neither term contains any reference to a specific physical location.

Neither the specification nor the prosecution history clearly and unambiguously provides a special definition for these claim terms.

**B.      Specification Does Not Set Forth Any Special Definition Of Claim Terms.**

While portions of the '966 patent specification discuss speech recognition located at a telecommunication switch (as claimed by three earlier parent patents based on the same specification), the recited objects of the invention make clear that in some embodiments of the invention the speech recognizer is located "externally" to the switch for use, not "in," but "in conjunction with" the switch, without reference to any specific location.

And the Figures and Detailed Description which specifically describe the dialing arrangements claimed by the '966 patent contain no reference or restriction whatsoever as to physical location.  The flowcharts for "first command type" and "second command type" dialing as in claim 1 as provided by Figures 6a, 6b, 7a, 7b and 8 and their accompanying description at col. 6, line 47 to col. 8, line 55 contain no reference or suggestion regarding the physical location of the speech recognizer.

Thus, the specification fails to clearly and unambiguously create a special definition for the claim terms "voice recognizer" or "receiving a command."

**C.      Prosecution History Does Not Set Forth Any Special Definition Of Claim Terms.**

In the prosecution history, the evidence of the '966 patent family itself is highly relevant. While the language of claim 1 of the '966 patent contains no physical location limitation, each of the three parent applications did expressly recite such language. For example, the original great-grandparent U.S. Patent No. 5,297,183 recited in claim 1 "a voice recognition system located at the mobile telecommunications switching office."   Also, the grandparent U.S. Patent No.

5,659,597, again includes a claim 1 that recites "a voice recognition system for use in a non-wireline telecommunications switch." And parent U.S. Patent No. 6,157,848 recites in its claim 1 "a voice recognition system located at the non-wireline telecommunications switching office."

Nearly identical facts were considered by the Court in *Liebel-Flarsheim Co. et al. v. Medrad, Inc.*, 358 F.3d 898 (Fed. Cir. 2004). In that case where the defendant sought an unexpressed "pressure jacket" limitation, the Court noted that earlier claims including those of the parent application contained express language requiring such a pressure jacket, and found it highly significant that such language had been actively removed from the asserted patents:

> The second reason for rejecting Medrad's argument is that the prosecution history of the '669 and '261 patents is squarely contrary to its contention that all the claims of those two patents require injectors that use pressure jackets. The applications that matured into the '669 and '261 patents derived from the '110 application. In the prosecution of each of those applications, the applicants replaced claims that had included references to a pressure jacket with a new set of claims, many of which did not include the pressure jacket limitation. The omission of reference to a pressure jacket in many of the claims of the applications that matured into the '669 and '261 patents is a strong indication that the applicants intended those claims to reach injectors that did not use pressure jackets.

*Id.* at 909. As in *Liebel-Flarsheim*, in this case it is equally significant and compelling that a physical location limitation expressly present in the claims of the earlier parent patents was actively removed from claim 1 of the '966 patent.

In addition, and contrary to ART's argument, the terminal disclaimer filed to obviate the double patenting rejection created no presumption or estoppel with regards to claim construction. *Quad Environmental Technologies Corp. v. Union Sanitary District*, 946 F.2d 870, 874 (Fed. Cir. 1991)(terminal disclaimer is procedural device without substantive effect). Neither the applicants nor the examiner raised any argument with respect to the "voice recognizer" or "receiving a command" claim language. Neither the applicants nor the examiner suggested that the speech recognizer must be located at the telecommunication switch. In fact, the examiner's

lengthy reasons for allowance of the claims contains no language whatsoever regarding physical location of the speech recognizer.

In summary, the plain and ordinary language of the claim terms "voice recognizer" and "receiving a command" contains no reference to physical location at a network switch. And neither the specification nor the prosecution history of the '966 patent clearly and unambiguously provides a special definition of these terms to impose such a requirement. *Liebel-Flarsheim Co. et al. v. Medrad, Inc.*, 358 F.3d 898, 911 (Fed. Cir. 2004)("[U]nless the court concludes, after applying all the available tools of claim construction, that the claim is still ambiguous, the axiom regarding the construction to preserve the validity of the claim does not apply."). Accordingly, the correct claim construction for claim 1 maintains the plain and ordinary meaning for these terms without any physical location restriction to a network switch.

## IV.    SUMMARY JUDGMENT MUST BE DENIED BECAUSE OF DISPUTED ISSUES OF MATERIAL FACT

It is axiomatic that a genuine issue as to any material fact requires denial of summary judgment. Fed.R.Civ.P. 56. On this incomplete record, with discovery not yet taken and expert designation, reports and depositions still to be done in accordance with the schedule ordered by the Court in its August 12, 2004, Order, virtually every factual issue remains in dispute, including the fundamental factual issue of infringement. As is made clear in the accompanying counter-statement of disputed material facts, there are many substantive points of disagreement as to the facts in this case. Important among the disputed facts is ART's contention that it does no more than practice what was in the prior art (ART memorandum, p. 10, ¶5), which is neither a valid defense nor a relevant consideration for purposes of claim construction or infringement analysis. *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F. 3d 1357, 1366

(Fed. Cir. 2002).   The deficiencies in the Aharonson declaration discussed above demonstrate that ART has not provided admissible evidence in support of its factual contentions.  In addition, the generality of the discussion precludes even an effective identification of specific factual issues, as does ART's failure to support its motion with a valid expert report.  Its promise to deliver experts at a later date does not satisfy its obligation to prove its case in its motion papers.

In addition, it is important to keep in mind that the '966 patent claims a specific combination of different dialing methods as used in a wireless network. ART's statement of facts virtually ignores the claims and discusses the '966 patent as if it merely related to the general notion of speech recognition in connection with wireless phones. ART's memorandum, pp. 9-11, ¶¶1-8. ART's meandering statement of material facts (which ScanSoft disputes), its brief, and its supporting declarations all fail to address in any meaningful way the various types of dialing commands required by the claims of the '966 patents. Thus, for example, there is not an adequate basis for ART's assertion that the prior art describes the combination of dialing methods for use by a mobile user as required by the claims of the '966 patent.  The issuance of the '966 patent itself evidences the contrary view of the United States Patent and Trademark Office, which also establishes a presumption of validity, 35 U.S.C. Sec. 282, contrary to ART's factual assertions.

Because the basic material facts of this case remain in dispute, ART's motion must be denied.  Fed.R.Civ.P. 56.

## CONCLUSION

For the reasons discussed above, ART's motion for summary judgment of non-infringement must be denied.

Dated:  September 13, 2004

SCANSOFT, INC.
By its attorneys,

 /s/ Julia Huston
Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
Telephone: (617) 443-9292
Facsimile: (617) 443-0004
Email: jhuston@bromsun.com

02639/00550  333608.1

-13-