UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-10840-PBS |
| ART ADVANCED RECOGNITION TECHNOLOGIES, INC. | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF SCANSOFT, INC.'S MOTION FOR ATTORNEY'S FEES PURSUANT TO RULE 56(g)**

The unsworn Declaration of Eran Aharonson in Support of ART Advanced Recognition Technologies, Inc.'s ("ART") Motion of Summary Judgment of Non-Infringement of U.S. Patent No. 6,501,966 (the"'966 patent") was hastily prepared and inadequate to support an infringement analysis of the ART products. The Declaration and accompanying motion do little more than waste the time of plaintiff and this Court and divert resources away from discovery required for a proper identification and evaluation of the contested issues in this case.

On June 16, 2004, ART filed a motion to dismiss based on patent invalidity accompanied by a Declaration of Eran Aharonson. The motion sought to get a decision with regard to patent validity, which necessarily involved claim construction, without discovery and without answering the complaint. The motion was denied as it failed to explain the science of voice activated dialing, failed to identify disputed claim construction issues and failed to address the

claim language in any systematic way. The Court set an expedited schedule to get to a speedy Markman hearing, scheduled for May 26, 2005.

ART impatiently ignored the Court's schedule and filed its motion again, now re-styled as a summary judgment motion for noninfringement, but addressing the very same issues (including patent validity) raised in ART's unsuccessful motion to dismiss. In the absence of any discovery to identify the disputed issues, and without providing any expert testimony of any kind to support its assertions (but instead promising that experts would be put forth later to support its case, ART's Memorandum at p.8), ART filed the inadequate unsworn Declaration in support of summary judgment. The Declaration fails to provide the Court with any better understanding of the science of voice activated dialing or the claim construction issues in the case.

The claims of the '966 patent in suit, which issued on an application originally filed April 13, 1992, are to be construed as they would be understood by one of ordinary skill in the art in 1992. *Home Diagnostics, Inc. v. Lifescan, Inc.,* ____F.3d ____ (Fed.Cir. August 31, 2004) (Rader, J.), citing *Rexnord Corp. v. Laitram Corp.,* 274 F.3d 1336, 1342 (Fed. Cir. 2001). The Declaration contains no basis for establishing that Aharonson is qualified to offer opinions on the level of ordinary skill in the art to which the patent in suit pertains, or on the understanding of the person of ordinary skill in the art as to what the terms in the claims mean. It fails to indicate competence to testify to the ordinary skill as of 1992. Moreover, the Declaration contains no description of Aharonson's qualifications to offer opinions on the correspondence of terms in the patent claims to either prior art references or to the accused ART products and methods and thus fails to satisfy Fed.R.Evid. 702. A declaration failing to demonstrate the declarant's qualifications with regard to the opinions expressed therein does not meet the standard of Fed. R.

Civ. P. 56(e). *F&D Tool Co., Inc. v. Sloan Valve Co., Inc.,* 2002 WL 31371963 (D. Mass. October 17, 2002) (Ponsor, J.).

In addition, Aharonson's discussion of claim terms and of correspondence between claims, prior art and ART's products is at a level of generality which makes it so vague and amorphous as to be useless. The patent claims relate to voice activated dialing methods for mobile telecommunications. Regrettably, the Declaration fails to elaborate on the voice dialing methods incorporated into the various ART products. The Declaration fails to identify the ordinary skill in the art of mobile telecommunications voice activated dialing. The Declaration voices a conclusory and self-serving opinion that the ART products operate functionally the same as the prior art. Yet, it fundamentally fails to analyze the voice dialing methods of the products and the prior art. A proper factual foundation is required for conclusions submitted to support a Rule 56 summary judgment. *Schubert v. Nissan Motor Corp. in U.S.A.*, 148 F.3d 25, 31 (1st Cir. 1998) (lower court properly excluded conclusory affidavits not satisfying Rule 56(e)).

Because of these deficiencies, the Aharonson Declaration provides no support whatsoever for ART's motion. ART's motion must accordingly be denied for lack of record support.

In addition, the Declaration of Eran Aharonson should be rejected because it fails to meet the procedural requirements of Rule 56. The Declaration appears to have been executed outside the United States. Aharonson's recently issued patent, US. Patent No. 6,731,803 (Ex. B, Huston Declaration) lists Aharonson as a resident of Ramat HaSharon, Israel on behalf of assignee, Advanced Recognition Technology, Ltd. of Tel Aviv, Israel. The signed fax page lists a sending phone number of 03-5479346, 03 being a code for Tel Aviv. (Huston Declaration ¶16 and Exh. I). There is absolutely no suggestion in the Declaration that it was signed in the U.S.

The unsworn Declaration cannot be relied upon by the Court because it is not a sworn affidavit and it does not conform to the requirements of 28 U.S.C. §1746. Indeed, the Declaration does not even promise to be "true and correct." A signature appears on a faxed page apparently sent from Israel under the words, "Sworn under the pains and penalties of perjury of law on August 13, 2004." Not only does the statement lack a promise of truthfulness and correctness, but the Declaration is further fatally deficient for failing to make reference to the laws of the United States.

Section 1746 provides, "Wherever … any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same …, such matter may with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)"." An unsworn declaration is only permitted if the declarant states it contents are true and correct. *Sterling Fifth Associates v. Carpentile Corp., Inc.,* 2003 WL 22227960 (S.D.N.Y. Sept. 26, 2003). "The failure to recite that the statements are "true and correct" renders a declaration defective because there is no indication of truthfulness without the phrase." *Jack v. Trans World Airlines, Inc.*, 854 F.Supp. 654, n.3 (N.D. Cal. 1994).

Perhaps even more compelling, the declaration does not reference the perjury laws of the United States. "The purpose of requiring a person outside the United States to execute the document under penalty of perjury under the laws of the United States is to impress upon him the

seriousness of the obligation to tell the truth and the possibility of prosecution for perjury if he fails to tell the truth." *Jack,* 854 F. Supp. at n.3.  When it is not apparent that a declaration was signed in the United States, §1746 requires that it include a reference to the "laws of the United States of America," otherwise the declaration must be disregarded. *M.R. Tudor, Inc. v. Cargo Logistics of Louisiana, Inc.*, 2003 WL 1936401 (E.D. La. April 23, 2003); *Sterling Fifth Associates*, *supra*; *Jack*, 854 F. Supp. at n. 4.

Without a suitable affidavit to accompany the summary judgment motion, the motion flagrantly lacks any evidence to support an analysis of the infringement issues.  The motion and its defective Declaration merely serve to burden the plaintiff with the expense of responding to the same arguments for a second time.  The work of discovery to lead to a narrowing of the issues is severely delayed and disrupted by ART's hastily filed motion and Declaration.

ScanSoft will welcome a proper consideration of the issues presented by its infringement allegations.  ART's disruption of the process with repeated premature and incomplete motions adds expense and delay to the litigation.  The insufficient, defective Declaration unreasonably prolongs and exacerbates the work required to join the issues in this case.  Accordingly, ScanSoft should be awarded its reasonable expenses in having to respond a second time to a premature and unsupported motion and Declaration, which appear to have been filed in bad faith and/or solely for purposes of delay, pursuant to Rule 56(g).

-6-

Dated: Boston, Massachusetts  　　SCANSOFT, INC.,
　　　　September 13, 2004

　　　　　　　　　　　　　　　　By its attorneys,


　　　　　　　　　　　　　　　　/s/ Julia Huston
　　　　　　　　　　　　　　　　Lee Carl Bromberg, BBO #058480
　　　　　　　　　　　　　　　　Robert M. Asher, BBO #022865
　　　　　　　　　　　　　　　　Julia Huston, BBO #562160
　　　　　　　　　　　　　　　　Jack C. Schecter, BBO #652349
　　　　　　　　　　　　　　　　BROMBERG & SUNSTEIN LLP
　　　　　　　　　　　　　　　　125 Summer Street
　　　　　　　　　　　　　　　　Boston, Massachusetts 02110-1618
　　　　　　　　　　　　　　　　Tel: (617) 443-9292
　　　　　　　　　　　　　　　　Fax:  (617) 443-0004
　　　　　　　　　　　　　　　　jhuston@bromsun.com

02639/00550   333791.1