UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ART ADVANCED RECOGNITION )<br>TECHNOLOGIES, INC. )<br>)<br>Defendant. )| Civil Action No. 04-10840-PBS |

**DECLARATION OF JULIA HUSTON, ESQ.
IN OPPOSITION TO ART'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 6,501,966
–AND–
IN SUPPORT OF SCANSOFT, INC.'S MOTION FOR CONTINUANCE OF
SUMMARY JUDGMENT PROCEEDINGS PURSUANT TO RULE 56(f)
-AND-
IN SUPPORT OF SCANSOFT, INC.'S MOTION FOR
ATTORNEYS' FEES PURSUANT TO RULE 56(g)**

I, Julia Huston, declare and state as follows:

1. I am a partner at the firm of Bromberg & Sunstein, LLP, 125 Summer Street, Boston, Massachusetts. I am an attorney of record for plaintiff ScanSoft, Inc. ("ScanSoft") herein.

2. I submit this declaration in opposition to the Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,501,966 by defendant ART Advanced Recognition Technologies, Inc. ("ART"), and in support of ScanSoft's Motion for Attorneys' Fees Pursuant to Rule 56(g), and in support of ScanSoft's Motion for Grant of Continuance of Summary Judgment Proceedings Pursuant to Rule 56(f).

3. Attached hereto as Exhibit A is a true and accurate copy of U.S. Patent 6,501,966 ("the '966 patent").

4. Attached hereto as Exhibit B is a true and accurate copy of US Patent No. 6,731,803 ("the '803 patent").

5. Attached hereto as Exhibit C is a true and accurate copy of the Order of this Court, dated August 5, 2004 and docketed on August 12, 2004 (the "August 12 Order"), which set the schedule for proceedings in this case.

6. Following the entry of the August 12 Order, counsel for ScanSoft prepared and served First Set of Interrogatories on August 17, 2004 (a true and accurate copy of which is attached hereto as Exhibit D), and First Set of Document Requests on August 24, 2004 (a true and accurate copy of which is attached hereto as Exhibit E), and Second Set of Interrogatories on August 24, 2004 (a true and accurate copy of which is attached hereto as Exhibit F).

7. On August 18, 2004, ART served its First Set of Interrogatories (a true and accurate copy of which is attached hereto as Exhibit G) and First Set of Document Requests (a true and accurate copy of which is attached hereto as Exhibit H).

8. In reliance upon the schedule set by the Court in the August 12 Order, counsel for ScanSoft set about conducting discovery and making arrangements to retain necessary expert witnesses for the case. Counsel fully expected that discovery would not close until January 15, 2005, that initial expert reports would be due on January 30, 2005, that rebuttal expert reports would be due on February 15, 2005, that expert discovery would be completed on March 15, 2005, that summary judgment motions would be due on March 30, 2005, that opposition to summary judgment motions would be due on April 15, 2005, that rebuttals to summary judgment motions would be due on April 30, 2005, and that a hearing for claim construction and summary

judgment motions would occur on May 26, 2005. In reliance upon that schedule, it was ScanSoft's plan to engage experts and go forward in a timely manner. Because ART's motion is premature, ScanSoft has not had the chance to go forward in the manner in which it had planned.

9. ScanSoft believes that the proper development of the evidence in connection with fact discovery in this case will take until January 15, 2005.

10. ScanSoft believes that it will be necessary to obtain discovery responses before expert witnesses are called upon to prepare and file their expert reports.

11. ART has not yet provided any responses to the discovery requests served upon it by ScanSoft. ScanSoft expects such responses will include information and documents regarding the design, testing, and manufacture of ART's products. Such information is relevant to ART's proposed claim construction and to the issue of infringement, would provide valuable insight into the operation of the accused products, and would be of interest to ScanSoft's expert in forming opinions regarding the accused products, claim construction, infringement, and any potential validity issues.

12. ScanSoft has not yet had an opportunity to take depositions of ART employees and witnesses involved in and knowledgeable regarding the above-referenced information. Such depositions are relevant to ART's proposed claim construction, and would be helpful in fully understanding such information and obtaining admissions from ART regarding the accused products. ScanSoft expects such depositions to take place as Rule 30(b)(6) depositions of as many ART employees as necessary to obtain the information to which ScanSoft is entitled. ScanSoft should also have the opportunity to depose Eran Aharonson, whose declaration is relied upon by ART. Such information will be of interest to ScanSoft's expert witness in forming

opinions regarding the accused products, claim construction, infringement, and any potential validity issues.

13. In addition, as such discovery progresses it may also be necessary to serve additional requests for documents and things, which may provide valuable information regarding the operation of the accused products, and would be of interest to ScanSoft's expert in forming opinions regarding the accused products, claim construction, infringement, and any potential validity issues.

14. ART has not yet designated an expert witness, ScanSoft has not received any report from any expert witness for ART, and ScanSoft has not yet had the opportunity to depose any expert witness for ART. The report and deposition of expert witnesses on the issues of claim construction, infringement, and validity will undoubtedly be important in proving ScanSoft's infringement case against ART, in opposing ART's motion for summary judgment of non-infringement, and addressing any validity defenses ART may assert.

15. Although ScanSoft believes that ART's motion for summary judgment of non-infringement must be denied as a matter of law based upon the present inadequate record, nonetheless it is expected that all of the above-referenced information could provide valuable evidentiary support for ScanSoft's opposition to ART's motion for summary judgment of non-infringement. If the Court should decide to address ART's motion on the merits at this time, such additional information would thus become essential to opposing Art's motion, in which case, ScanSoft requests a continuance to permit the above-referenced discovery to take place.

16. I have ascertained that the facsimile telephone number 03-5479346, which appears on the top of the signature page of the Declaration of Eran Aharonson (Docket paper #25), is not a valid telephone in the United States. I have also ascertained that the "03" code is

the city code for Tel Aviv, Israel, where ART is headquartered. (*See* Exhibit I attached hereto, which is a true and correct copy of Internet web page http://www.matimop.org.il/newrdinf/company.c3.htm).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   September 13, 2004.
                        Boston, Massachusetts

_____
Julia Huston

*Counsel for Plaintiff, ScanSoft, Inc.*

Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
Telephone: (617) 443-9292
Facsimile: (617) 443-0004

02639/00550 333758.1