


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>ART ADVANCED RECOGNITION TECHNOLOGIES, INC.<br><br>Defendants. | ) | Civil Action No. 04-10840 PBS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ART ADVANCED RECOGNITION TECHNOLOGIES, INC.**

Pursuant to Fed. R. Civ. P. 33 and the Local Rules of the District of Massachusetts, ScanSoft, Inc. requests that ART Advanced Recognition Technologies, Inc. answer separately and fully, in writing and under oath, within thirty (30) days of service, each of the interrogatories set forth below.

DEFINITIONS

1. The definitions set forth in Local Rule 26.5(C) and in 35 U.S.C. § 100 are deemed incorporated by reference into these requests.

2. As used herein, "document" shall mean, in addition to its other meanings, "documents and things."

3. As used herein, the words "and" and "or" shall, where the context permits, be construed to mean "and/or."

4. As used herein, "every" and "each" shall both mean "each and every."

5. As used herein, "ART" or "defendant" refers to the defendant ART Advanced Recognition Technologies, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

6. As used herein, "ScanSoft" or "plaintiff" refers to the plaintiff, ScanSoft, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

7. As used herein, "the '966 patent" or "the patent-in-suit" refers to U.S. Patent No. 6,501,966.

8. As used herein, "Voice Dialing Product" refers to any product or service for use in dialing telephone numbers in response to a voice input, including but not limited to speech recognition software.

9. As used herein, "ART Voice Dialing Product" refers to any Voice Dialing Product, as defined above, which has been made, used, licensed, offered for sale, or sold by, or on behalf of, ART, and any Voice Dialing Product incorporating technology developed, licensed or sold by ART.

## INSTRUCTIONS

1. These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

2. Unless otherwise specified, the time period applicable to these interrogatories shall be seven (7) years prior to the filing of the complaint in this action (i.e. April 27, 1997) and forward, continuing through to the termination of this litigation.

3. Each interrogatory must be answered with ART's entire knowledge, available from all sources, including all information and documents in defendant's possession or control, or in the possession or control of ART's agents, officers, employees, partners, representatives and attorneys, or otherwise available to ART. If any interrogatory has sub-parts, then answer each part separately and in full, and do not limit the answer to the interrogatory as a whole.

4. In answering these interrogatories, ART must make a diligent search of all records and other papers, documents, and materials in ART's possession, custody, or control, or available to ART from whatever source.

5. If ART objects to any part of any interrogatory, then answer all parts not objected to and state the precise nature of the objection to any unanswered part. If, in answering any of these interrogatories, ART asserts or relies upon any privilege or other rule protecting against disclosure of a document, communication, or other information, then specify the exact nature of such privilege or rule. With respect to each document or communication as to which ART asserts a privilege or other protection against disclosure, identify such document or communication and the basis for the asserted privilege.

6. If a complete answer to an interrogatory cannot be given due to privileged or other excludable subject matter, or if the answer is not completely known, answer the interrogatory to the extent possible and indicate those parts or portions of the interrogatory that ART cannot or will not answer and the reasons for not answering.

7. If a document identified in response to any interrogatory has been destroyed, then state the reason for its destruction; identify the person(s) having any knowledge of its destruction and each person responsible for its destruction.

8. If an answer to an interrogatory is qualified, please set forth the exact nature and extent of that qualification.

INTERROGATORIES

1. Identify each ART Voice Dialing Product by model number, order number, list number, commercial name, trade name, trade designation, trademark, common name, serial number, and every other designation used by ART and/or its customers to refer to said products.

2. Identify, separately for each item, the person most knowledgeable regarding the conception, research, design, development, reduction to practice, testing, manufacture, technical specifications, material composition, use, marketing, public disclosure, distribution, importation into the U.S., offer of sale and/or sale of each ART Voice Dialing Product, and describe the knowledge of each such person.

3. Identify every sale, license, distribution or transfer of each ART Voice Dialing Product, including the recipient's name and address, the number of said products sold, licensed, distributed or otherwise transferred, the place of transfer, the amount of any remuneration therefor, profit/loss realized by ART thereon, and every document concerning same.

4. State the gross revenue derived from, and profit/loss realized by ART for, the sale of each ART Voice Dialing Product in monetary value (e.g., U.S. dollars) and units of sales, from the date of first sale to the present, and identify every document concerning same and the persons with principal knowledge thereof.

5. Identify all agreements between ART and any person regarding the conception, research, design, development, testing, manufacture, use, marketing, sale, offer of sale, distribution, importation into the U.S., or other transfer of each ART Voice Dialing Product (including but not limited to any license agreements, indemnification agreements, sales

agreements, agreements concerning patents and applications therefor, trade secrets, research and development, design, and/or distribution agreements), identify every document concerning same, and identify the persons with principal knowledge thereof.

6. Identify the date and means by which ART first learned of the existence of the patent-in-suit (or application therefor, or any patent from which the patent-in-suit claims priority), every document concerning same, and the persons with principal knowledge of same.

7. Identify every disclosure or communication of any kind between ART and any other person regarding this lawsuit, the patent-in-suit, whether any features of any of ART's Voice Dialing Products infringe the patent-in-suit, or whether the patent-in-suit is valid and enforceable, and with regard to each such disclosure or communication, identify each document relating thereto, including but not limited to any opinions of counsel, prior art patents, printed publications, and other documents related thereto.

8. If ART contends that any claim or portion thereof of the patent-in-suit is limited by its terms, by the prior art, by amendments made to the claims, and/or by assertions or representations made to the United States Patent and Trademark Office during the prosecution of the underlying patent application, for each such contention identify separately each reason for ART's contention, state the basis for each such reason, and for each such reason identify (a) each person with knowledge concerning said reason, (b) each document concerning said reason (including but not limited to each prior publication and each patent relating to said reasons), and (c) each communication between ART and any other person concerning said reason.

9. Identify any reasons other than those specified in answers to previous interrogatories, on which ART will rely as showing that any claim of the patent-in-suit is invalid, unenforceable, or not infringed, and for each such reason, fully summarize all facts relevant to

such reason, identify all documents which contain any facts pertaining to or reflecting on such reason, and identify all persons having knowledge of such facts.

10. Identify each person who may be used at trial to present evidence under Rule 701, 702, 703 or 705 of the Federal Rules of Evidence, and with respect to each such person, identify all opinions to be expressed, the basis and reasons for said opinions, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of said persons (including a list of all publications authored by said persons within the preceding ten (10) years, the compensation to be paid to the witness, if any, for said services, and a listing of any other cases in which they have testified under Rule 701, 702, 703 or 705 of the Federal Rules of Evidence at trial or by deposition with the preceding four (4) years), and the compensation to be paid to said persons for their study and testimony.

Dated: August 17, 2004

SCANSOFT, INC.,

By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
Brian M. Donovan, BBO #650551
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

**CERTIFICATE OF SERVICE**

I certify that, on the above date, a true copy of this document was served by hand messenger on counsel for ART Advanced Recognition Technologies. Inc., Steven M. Bauer, Esq., Proskauer Rose LLP, One International Place 14th Floor Boston, MA 02110-2600.

Julia Huston

02639/00550 327914.1