

EXHIBIT

E

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10840 PBS |
| ) | |
| ART ADVANCED RECOGNITION ) | |
| TECHNOLOGIES, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT ART ADVANCED RECOGNITION TECHNOLOGIES, INC.

Pursuant to Fed. R. Civ. P. 34, ScanSoft, Inc. requests that ART Advanced Recognition Technologies, Inc. produce for inspection and copying the documents and things specified below.

### DEFINITIONS

1.     The definitions set forth in Local Rule 26.5(C) and in 35 U.S.C. § 100 are deemed incorporated by reference into these requests.

2.     As used herein, "document" shall mean, in addition to its other meanings, "documents and things."

3.     As used herein, the words "and" and "or" shall, where the context permits, be construed to mean "and/or."

4.     As used herein, "every" and "each" shall both mean "each and every."

5.     As used herein, "ART" or "defendant" refers to the defendant ART Advanced Recognition Technologies, Inc., and to its officers, directors, employees, agents, attorneys,

representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

6.      As used herein, "ScanSoft" or "plaintiff" refers to the plaintiff, ScanSoft, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

7.      As used herein, "the '966 patent" or "the patent-in-suit" refers to U.S. Patent No. 6,501,966.

8.      As used herein, "Voice Dialing Product" refers to any product or service for use in dialing telephone numbers in response to a voice input, including but not limited to speech recognition software.

9.      As used herein, "ART Voice Dialing Product" refers to any Voice Dialing Product, as defined above, which has been made, used, licensed, offered for sale, or sold by, or on behalf of, ART, and any Voice Dialing Product incorporating technology developed, licensed or sold by ART.

<u>INSTRUCTIONS</u>

1.      These requests shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

2.      Unless otherwise specified, the time period applicable to these requests shall be seven (7) years prior to the filing of the complaint in this action (i.e. April 27, 1997) and forward, continuing through to the termination of this litigation.

3.      Each request must be answered with ART's entire knowledge, available from all sources, including all information and documents in defendant's possession or control, or in the possession or control of ART's agents, officers, employees, partners, representatives and

attorneys, or otherwise available to ART. If any request has sub-parts, then answer each part separately and in full, and do not limit the answer to the request as a whole.

4.    In answering these requests, ART must make a diligent search of all records and other papers, documents, and materials, in ART's possession, custody, or control, or available to ART from whatever source.

5.    If ART objects to any part of any request, then respond to all parts not objected to and state the precise nature of the objection. If, in responding to any of these requests, ART asserts or relies upon any privilege or other rule protecting against disclosure of a document, communication, or other information, then specify the exact nature of such privilege or rule. With respect to each document or communication as to which ART asserts a privilege or other protection against disclosure, identify such document or communication and the basis for the asserted privilege.

6.    If you are aware that a document responsive to any request has been destroyed, then state the reason for its destruction, identify the person(s) having any knowledge of its destruction and each person responsible for its destruction.

<u>REQUESTS</u>

1.    Each document for which identification is requested by, or that is identified in responses to, Plaintiff's First Set of Interrogatories to Defendant ART Advanced Recognition Technologies, Inc. and/or any subsequent interrogatories ScanSoft serves on ART in this case.

2.    Each document consulted or referred to in responding to Plaintiff's First Set of Interrogatories to Defendant ART Advanced Recognition Technologies, Inc. and/or any subsequent interrogatories ScanSoft serves on ART in this case.

3

3.      Each document included in the categories of documents and things identified by ART in disclosures made pursuant to Fed. R. Civ. P.26 (a) (1-4) and Local Rule 26.2(A).

4.      Each document relating to ScanSoft.

5.      Each document relating to ART's contacts with Massachusetts.

6.      Each document relating to whether ART Voice Dialing Products are or were incorporated into devices such as mobile telephones that are or were offered for sale in Massachusetts.

7.      Source code, in electronic format, of each different version of each ART Voice Dialing Product, including without limitation any versions no longer sold or licensed by ART.

8.      Any user guides or manuals, instructions, documentation, product inserts, promotional materials, and/or other literature that are provided with each version of each ART Voice Dialing Product or otherwise made available by ART to the purchasers or licensees of such products.

9.      Organizational charts for each division or portion of ART that is responsible, in whole or in part, for the conception, research, design, development, manufacture, marketing, distribution, importation into the U.S., and/or sale or licensing of each version of each ART Voice Dialing Product.

10.      Each document concerning the conception, research, design, development, reduction to practice, testing, prototyping, manufacture, technical specifications, operating parameters, material composition, and/or performance capabilities of each version of each ART Voice Dialing Product and any of their prototypes, including without limitation designs, user guides, user manuals, technical manuals, developer guides, design review, notes, equipment and/or inventory lists for components used, laboratory notebooks, calculations, reports,

4

specifications, engineering logs, test data, scientific or engineering journal articles, data sheets, brochures, catalogs, internal or external communications, advertisements, and promotional material.

11.    Each document concerning third party products reviewed, tested, or evaluated by ART in connection with the design and development of any and all versions of each ART Voice Dialing Product.

12.    Each document concerning any components or services provided by persons who are not parties to this case for use in connection with any ART Voice Dialing Product, including but not limited to designs, user guides, user manuals, technical manuals, developer guides, design review, notes, equipment and/or inventory lists for components used, laboratory notebooks, calculations, reports, specifications, engineering logs, test data, scientific or engineering journal articles, data sheets, brochures, catalogs, internal or external communications, advertisements, and promotional material for such components.

13.    Each document concerning the trial, testing, evaluation, analysis, and/or quality control or assurance of each version of each ART Voice Dialing Product, including but not limited to laboratory notebooks, calculations, reports, specifications, engineering logs, test data, scientific or engineering journal articles, data sheets, brochures, catalogs, internal or external communications, and documents describing the trial, testing, evaluation, analysis, or quality control or assurance of said products.

14.    Each document concerning any changes, additions, deletions, modifications, or alterations to each version of the source code of each ART Voice Dialing Product, starting from the first prototype of each ART Voice Dialing Product.

5

15.    Each document concerning each offer for sale, sale, marketing, license, lease, distribution, importation to the U.S., transfer of each ART Voice Dialing Product, and/or other transaction relating to each ART Voice Dialing Product, including but not limited to invoices, purchase orders, sales quotations, contracts, price lists, receipts, payment slips, shipping documents, shipping reports, customs forms, business plans, marketing reports, sales reports, manufacturing reports, projection reports, royalty reports, market studies, marketing reports, economic forecasts, financial estimates or projections, financial summaries, and data compilations that record revenue figures.

16.    Each document concerning the price of each ART Voice Dialing Product, and each document concerning the determination of, or policies concerning, the price of each ART Voice Dialing Product, including but not limited to price sheets or lists, reports, pricing advertisements, documents by inside or outside salespeople and sales representatives, monthly, quarterly, or annual financial reports and sales summaries.

17.    Each document concerning the marketing, public disclosure, advertising, demand, sales, or use of each ART Voice Dialing Product, including but not limited to promotional and trade literature, brochures, advertisements, videotapes or other descriptive materials, prices lists, distributor or customer questionnaires, sales training materials, and any catalogs in which any ART Voice Dialing Products are shown, described or referenced, whether or not used, published, broadcast, or distributed.

18.    Each document concerning any agreement or proposed agreement with respect to each ART Voice Dialing Product, including but not limited to license agreements, indemnification agreements, sales agreements, agreements concerning patents and applications therefor, trade secrets, research and development, design, and/or distribution agreements.

6

19.    Each document concerning the popularity, utility, advantages over other devices, and nature of benefits to users of ART Voice Dialing Products.

20.    Each document concerning invention disclosures, patent applications, and patents owned or licensed by ART with respect to any invention, technology, method, or product contained or embodied in, or used by, ART Voice Dialing Products.

21.    Each document concerning ART's patent or other licensing policies, programs, negotiations relating to patent licensing, including but not limited to royalty or patent license policy statements, reports and board of directors meeting minutes.

22.    Each document concerning ART's awareness or knowledge of the patent-in-suit.

23.    Each document concerning the inventions disclosed and claimed in the patent-in-suit.

24.    Each document concerning any consideration, examination, or review by ART of the patent-in-suit.

25.    Each document concerning any disclosure or communication between ART and any person for determination of whether any features of any ART Voice Dialing Product infringe the patent-in-suit and/or whether the patent-in-suit is valid and enforceable, including but not limited to any opinions of counsel, prior art references, printed publications, and other related documents.

26.    Each document concerning any disclosure or communication between ART and any person regarding this lawsuit or the patent-in-suit.

27.    Each document concerning any prior art search and any validity, patentability, or infringement study with respect to the patent-in-suit, including but not limited to each patent and publication identified by or in such search or study.

28.     Each prior art patent, publication or software known to defendant that may embody some or all of the specific techniques of the methods, systems or apparatus covered by the patent-in-suit.

29.     Each document concerning the validity, infringement, or enforceability of the patent-in suit.

30.     Each document concerning the level of skill in the art of the design, engineering or manufacture of Voice Dialing Products from 1992 to the present.

31.     Each document concerning any of ART's claims, defenses, and contentions in this lawsuit, including any contention that the patent-in-suit is invalid, unenforceable, or not infringed, any contention regarding the scope or interpretation of any claims in the patent-in-suit, any contention regarding any misuse of the patent-in-suit by ScanSoft.

32.     Each document concerning ART's contention, as set forth in Count III of its counterclaims in this action, that the applicants for the patent-in-suit engaged in inequitable conduct before the U.S. Patent and Trademark Office.

33.     Each document concerning ART's contention, as set forth in Count IV of its counterclaims in this action, that ScanSoft interfered with ART's prospective business relations, including without limitation each document showing or relating to the existence of such relations and the alleged effect (if any) that ScanSoft's alleged conduct had on such relations.

34.     Each document concerning ART's contention, as set forth in Paragraph 21 of its counterclaims in this action, that "ScanSoft had knowledge that this action has little or no chance of success and that any valid claim of the '966 patent, as properly construed, cannot cover ART's speech recognition products."

35.    Each document concerning ART's contention, as set forth in Paragraph 21 of its counterclaims in this action, that "ScanSoft has brought this action with the purpose and goal of interfering with ART's prospective business relations."

36.    Each document concerning any policy for the retention or destruction of documents by ART.

37.    Each document provided to, used by, considered by, or received by any expert or testifying witness of ART in this case.

Dated:  August 24, 2004

SCANSOFT, INC.,
By its attorneys,


Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292


### CERTIFICATE OF SERVICE

I certify that, on the above date, a true copy of this document was served by hand messenger on counsel for ART Advanced Recognition Technologies. Inc., Steven M. Bauer, Esq., Proskauer Rose LLP, One International Place, 14th Floor, Boston, MA 02110-2600.


Julia Huston


02639/00550  327890.1