

EXHIBIT

F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ART ADVANCED RECOGNITION )<br>TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 04-10840-PBS |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT
ART ADVANCED RECOGNITION TECHNOLOGIES, INC.**

Pursuant to Fed. R. Civ. P. 33 and the Local Rules of the District of Massachusetts, ScanSoft, Inc. requests that ART Advanced Recognition Technologies, Inc. answer separately and fully, in writing and under oath, within thirty (30) days of service, each of the interrogatories set forth below.

## DEFINITIONS

1.  The definitions set forth in Local Rule 26.5(C) and in 35 U.S.C. § 100 are deemed incorporated by reference into these requests.

2.  As used herein, "document" shall mean, in addition to its other meanings, "documents and things."

3.  As used herein, the words "and" and "or" shall, where the context permits, be construed to mean "and/or."

4.  As used herein, "every" and "each" shall both mean "each and every."

5. As used herein, "ART" or "defendant" refers to the defendant ART Advanced Recognition Technologies, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

6. As used herein, "ScanSoft" or "plaintiff" refers to the plaintiff, ScanSoft, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

7. As used herein, "the '966 patent" or "the patent-in-suit" refers to U.S. Patent No. 6,501,966.

8. As used herein, "Voice Dialing Product" refers to any product or service for use in dialing telephone numbers in response to a voice input, including but not limited to speech recognition software.

9. As used herein, "ART Voice Dialing Product" refers to any Voice Dialing Product, as defined above, which has been made, used, licensed, offered for sale, or sold by, or on behalf of, ART, and any Voice Dialing Product incorporating technology developed, licensed or sold by ART.

## INSTRUCTIONS

1. These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

2. Unless otherwise specified, the time period applicable to these interrogatories shall be seven (7) years prior to the filing of the complaint in this action (i.e. April 27, 1997) and forward, continuing through to the termination of this litigation.

3. Each interrogatory must be answered with ART's entire knowledge, available from all sources, including all information and documents in defendant's possession or control, or in the possession or control of ART's agents, officers, employees, partners, representatives and attorneys, or otherwise available to ART. If any interrogatory has sub-parts, then answer each part separately and in full, and do not limit the answer to the interrogatory as a whole.

4. In answering these interrogatories, ART must make a diligent search of all records and other papers, documents, and materials in ART's possession, custody, or control, or available to ART from whatever source.

5. If ART objects to any part of any interrogatory, then answer all parts not objected to and state the precise nature of the objection to any unanswered part. If, in answering any of these interrogatories, ART asserts or relies upon any privilege or other rule protecting against disclosure of a document, communication, or other information, then specify the exact nature of such privilege or rule. With respect to each document or communication as to which ART asserts a privilege or other protection against disclosure, identify such document or communication and the basis for the asserted privilege.

6. If a complete answer to an interrogatory cannot be given due to privileged or other excludable subject matter, or if the answer is not completely known, answer the interrogatory to the extent possible and indicate those parts or portions of the interrogatory that ART cannot or will not answer and the reasons for not answering.

7. If a document identified in response to any interrogatory has been destroyed, then state the reason for its destruction; identify the person(s) having any knowledge of its destruction and each person responsible for its destruction.

8.  If an answer to an interrogatory is qualified, please set forth the exact nature and extent of that qualification.

## INTERROGATORIES

11.  State the basis for ART's contention, as set forth in Count III of its counterclaims in this action, that the applicants for the patent-in-suit engaged in inequitable conduct before the U.S. Patent and Trademark Office. Identify separately each reason for ART's contention, state the basis for each such reason, and for each such reason identify (a) each person with knowledge concerning said reason, (b) each document concerning said reason (including but not limited to each prior publication and each patent relating to said reason), and (c) each communication between ART and any other person concerning said reason.

12.  State the basis for ART's contention, as set forth in Count IV of its counterclaims in this action, that ScanSoft interfered with ART's prospective business relations. Identify separately each reason for ART's contention, state the basis for each such reason, and for each such reason identify (a) each person with knowledge concerning said reason, (b) each document concerning said reason, and (c) each communication between ART and any other person concerning said reason.

Dated: August 24, 2004                          SCANSOFT, INC.,

                                                By its attorneys,

                                                _____
                                                Lee Carl Bromberg, BBO #058480
                                                Robert M. Asher, BBO #022865
                                                Julia Huston, BBO #562160
                                                Brian M. Donovan, BBO #650551
                                                BROMBERG & SUNSTEIN LLP
                                                125 Summer Street
                                                Boston, Massachusetts 02110-1618
                                                (617) 443-9292


## CERTIFICATE OF SERVICE

I certify that, on the above date, a true copy of this document was served by hand messenger on counsel for ART Advanced Recognition Technologies. Inc., Steven M. Bauer, Esq., Proskauer Rose LLP, One International Place 14th Floor Boston, MA 02110-2600.

                                                _____
                                                Julia Huston

02639/00550 330621.1

5