

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. <br><br> Plaintiff, <br><br> v. <br><br> ART ADVANCED RECOGNITION TECHNOLOGIES, INC. <br><br> Defendant. | Civil Action No. 04-10840-PBS |

## FIRST SET OF INTERROGATORIES (NOS. 1-10) OF ART ADVANCED RECOGNITION TECHNOLOGIES, INC.

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant ART Advanced Recognition Technologies, Inc. hereby requests that plaintiff ScanSoft, Inc. answer the following interrogatories in writing, separately and fully under oath, within thirty (30) days of service of these Interrogatories.

### DEFINITIONS

1. The term "ScanSoft" shall mean plaintiff ScanSoft, Inc. in this action, and any of its predecessors, successors, subsidiaries, divisions, departments, assigns, parent corporations, foreign and domestic affiliates, organizational operating units, and all present or former partners, principles, employees, officers, directors, agents, legal representatives, consultants, or other persons acting for or on its behalf.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

4. The term "communication" means any and all exchanges of information between two or more persons by any medium, including but not limited to meetings, telephone conversations, correspondence, memoranda, contracts, agreements, computer, radio, telegraph, or verbal actions intended to or actually conveying information or data.

5. The terms "concern" or "concerning" mean relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

6. The term "document" is defined to have the broadest meaning permitted to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to written, typed, printed, or otherwise recorded material of any kind including papers, agreements, contracts, notes, drafts, reports, memoranda, correspondence, letters, e-mails, telegrams, records, books, laboratory or engineers' notebooks, test data, project or progress reports, forms, transcriptions, recordings, magnetic tapes, discs and printed cards, computer printouts, tapes, microfilm, personal diaries, calendars, appointment books, interoffice memoranda, minutes and records of any meeting, financial statements, financial data, reports or records of telephone or other conversations, movies, videotapes, pictures, sketches, statistical analyses, and all other writings or recordings of any kind, however produced or reproduced, whether signed or unsigned, and whether inscribed by hand or by mechanical, electronic, photographic, or phonic means. The term "document" includes originals and all copies that are in any way not identical to the original.

7. The term "person" shall refer to any natural person or any business, legal, or governmental entity, including but not limited to any corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

8. The term "'966 patent" means U.S. Patent No. 6,501,966 entitled "Speech Recognition System For Electronic Switches In A Non-Wireline Network."

9. The term "patent-in-suit" means the '966 patent.

10. The use of the singular form of any word shall include the plural and vice versa.

## DIRECTIONS

1. ScanSoft shall quote each interrogatory in full immediately preceding the statement of any answer, response, or objection thereto.

2. Each interrogatory is to be answered fully, unless good faith objected to, in which event, ScanSoft shall state the reasons for all of ScanSoft's objections in detail. If an objection pertains to only a portion of an interrogatory, or to a word, phrase, or clause contained within an interrogatory, ScanSoft shall state its objection to that portion only, and respond to the remainder of the document request, using its best efforts to do so. No part of an interrogatory may be left unanswered merely because an objection is interposed to another part of the interrogatory.

3. If, in responding to any of these interrogatories, ScanSoft encounters any ambiguity in construing either the interrogatory or a definition or instruction relevant to it, ScanSoft shall set forth the matter deemed ambiguous and the construction used in responding to the interrogatory.

4.  If an interrogatory is silent as to the time period for which a response is sought, ScanSoft shall identify or disclose all information or facts known, in whole or in part, at any time prior to and up through, the date of ScanSoft's responses to these interrogatories.

5.  If ScanSoft asserts a claim of attorney-client privilege, work product immunity, or any other privilege or immunity in objecting to any interrogatory or part of any interrogatory, ScanSoft shall provide the following information for each claim:

   (a)   the nature of the privilege being claimed (including work product or state law privilege);

   (b)   the specific portion of the interrogatory to which the objection relates;

   (c)   and if the privilege is being asserted concerning information contained in a particular document or communication, ScanSoft shall identify:

   i.    the date or estimated date that the document was authored or generated or the communication was made;

   ii.   each author of the document or participant in the communication;

   iii.  each addressee or recipient of a copy of the document;

   iv.   the name and title of each person who at any time has read or had possession of the document or of any copy thereof;

   v.    all grounds for any claim that the document is privileged or otherwise protected from discovery, in sufficient detail so as to allow for resolution of the propriety of such claim; and

   vi.   provide a summary of the subject matter of the document or communication sufficient to enable an evaluation of the claim of privilege.

6. If any document or thing otherwise responsive to any interrogatory has been lost, discarded, or destroyed since its preparation or receipt, ScanSoft shall identify, as completely as possible, the document or thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed, including, without limitation, each document's date, the general nature of the document (e.g., letter, memorandum, fax, electronic mail, etc.), the subject matter of the document, each author or originator, each person indicated as an addressee or copy recipient, or known by ScanSoft to have received a copy of the document or thing, and the document's former custodians. In addition, as to each such document or thing, the following information shall be supplied:

(a) date of disposal, loss or destruction;

(b) manner of disposal, loss or destruction;

(c) reason for disposal or destruction, or an explanation of the loss;

(d) identity of the person authorizing the disposal or destruction;

(e) identity of the person having knowledge of the disposal, loss or destruction;

(f) identity of the person who destroyed, lost or disposed of the document or thing; and

(g) identity of any person believed to have possession, custody or control of the document or thing.

7. These interrogatories are deemed to be continuing. With respect to any of the following interrogatories as to which ScanSoft, after responding, discovers or acquires additional responsive material, ART requests that ScanSoft produce any information, in accordance with Fed. R. Civ. P. 26(e), no more than thirty days after ScanSoft discovers or acquires such additional material.

8. Whenever ScanSoft answers any interrogatory by referring to records from which an answer may be derived or ascertained, as permitted in Rule 33(d) of the Federal Rules of Civil Procedure, ScanSoft shall:

(a) specify documents in sufficient detail to permit ART to locate the records and ascertain the answer as easily as ScanSoft could;

(b) make available any computerized information or summaries of the information that ScanSoft has or can reasonably adduce;

(c) provide any relevant compilation, abstract, or summary in ScanSoft's possession, custody, or control; and

(d) make any such documents available for inspection and copying contemporaneously with service of the answers to the corresponding interrogatories, or at a date that upon which the parties agree.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify by name and description each product of ART that ScanSoft contends is an infringement (or when used, is an infringement) of any claim of the '966 patent.

### INTERROGATORY NO. 2

For each product identified in response to Interrogatory No. 1, state which claim(s) of the '966 patent that ScanSoft contends is/are infringed thereby, and for each such claim, describe in factual detail, and including a claim chart, where each limitation or its equivalent is found in each such product (or use of such product), and identify all documents supporting this response.

### INTERROGATORY NO. 3

Describe in factual detail each search, investigation, study, and analysis of any product of anybody (not limited to ART) conducted by or on behalf of ScanSoft, and the response to this interrogatory should include a description of the facts, dates, documents, and persons involved.

### INTERROGATORY NO. 4

Explain why the prior art discussed in ART's motion for summary judgment of non-infringement does not render the '966 patent invalid, given ScanSoft's answer to Interrogatory No. 2, above. In particular, explain why the claims as ScanSoft interprets them in response to Interrogatory No. 2 do not read on the prior art discussed in ART's motion.

### INTERROGATORY NO. 5

With respect to the '966 patent, state whether any study, search or opinion, oral or written, has been made by or for ScanSoft with respect to patentability, validity, enforceability, or infringement thereof, and if so, identify the nature of each such study, search, or opinion; identify the person(s) who made each study, search, or opinion; identify the date and results of

conclusion thereof; identify the person(s) who requested each study, search, or opinion; identify all persons to whom each such study, search, or opinions, or results or conclusions thereof, have been communicated, and identify each item of prior art referred to in each study, search, or opinion.

**INTERROGATORY NO. 6**

Identify all products currently or previously sold, used, or licensed by ScanSoft that are believed by ScanSoft to be covered by the '966 patent, including each such product (or the use thereof) upon which ScanSoft believes the claims of the '966 patent read.

**INTERROGATORY NO. 7**

Identify the person(s) employed by or associated with ScanSoft most knowledgeable regarding the structure and operation of each product of ART identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 8**

Identify the following persons: the person(s) at ScanSoft responsible for 1) the design; 2) development; 3) manufacture; 4) marketing, or 5) sale, of any product that ScanSoft believes is covered by the '966 patent; and 6) licensing; or 7) enforcement of the '966 patent.

**INTERROGATORY NO. 9**

Identify each person involved in any manner with the decision to file the present action against ART and describe the involvement of each in factual detail.

**INTERROGATORY NO. 10**

Identify by the name, each person or company ever notified of the '966 patent and the possibility of infringement thereof, and for any litigation involving the '966 patent, the identity of the parties, the civil action number, venue, and a factual description of the underlying matters,

for each and all litigation involving the '966 patent, and such response to this interrogatory should include all pending litigation as well as any prior litigation involving the '966 patent.

ART ADVANCED RECOGNITION
TECHNOLOGIES, INC.

By its Counsel,

*/s/ Kimberly A. Mottley*
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
Kimberly A. Mottley (BBO #651190)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899

Dated: August 18, 2004

### Certificate of Service

I hereby certify that on August 18, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by hand.

*/s/ Kimberly A. Mottley*