

EXHIBIT

*H*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.        )<br>       )<br>      Plaintiff,    )<br>       )<br>v.                )<br>       )<br>ART ADVANCED RECOGNITION  )<br>TECHNOLOGIES, INC.     )<br>       )<br>     Defendant.   )<br>       ) | Civil Action No. 04-10840-PBS |

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-15) OF ART ADVANCED RECOGNITION TECHNOLOGIES, INC.

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant ART Advanced Recognition Technologies, Inc. ("ART") hereby requests that plaintiff ScanSoft, Inc. produce and permit inspection and copying of the following documents and tangible things, within thirty days of service of this request, at the offices of ART's attorneys, Proskauer Rose LLP, One International Place, Boston, Massachusetts 02110.

### DEFINITIONS

1.     The term "ScanSoft" shall mean plaintiff ScanSoft, Inc. in this action, and any of its predecessors, successors, subsidiaries, divisions, departments, assigns, parent corporations, foreign and domestic affiliates, organizational operating units, and all present or former partners, principles, employees, officers, directors, agents, legal representatives, consultants, or other persons acting for or on its behalf.

2.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     The terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

4.     The term "communication" means any and all exchanges of information between two or more persons by any medium, including but not limited to meetings, telephone conversations, correspondence, memoranda, contracts, agreements, computer, radio, telegraph, or verbal actions intended to or actually conveying information or data.

5.     The terms "concern" or "concerning" mean relating to, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

6.     The term "document" is defined to have the broadest meaning permitted to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to written, typed, printed, or otherwise recorded material of any kind including papers, agreements, contracts, notes, drafts, reports, memoranda, correspondence, letters, e-mails, telegrams, records, books, laboratory or engineers' notebooks, test data, project or progress reports, forms, transcriptions, recordings, magnetic tapes, discs and printed cards, computer printouts, tapes, microfilm, personal diaries, calendars, appointment books, interoffice memoranda, minutes and records of any meeting, financial statements, financial data, reports or records of telephone or other conversations, movies, videotapes, pictures, sketches, statistical analyses, and all other writings or recordings of any kind, however produced or reproduced, whether signed or unsigned, and whether inscribed by hand or by mechanical, electronic, photographic, or phonic

means.  The term "document" includes originals and all copies that are in any way not identical to the original.

7.    The term "person" shall refer to any natural person or any business, legal, or governmental entity, including but not limited to any corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

8.    The term "'966 patent" means U.S. Patent No. 6,501,966 entitled "Speech Recognition System For Electronic Switches In A Non-Wireline Network."

9.    The term "patent-in-suit" means the '966 patent.

10.    The use of the singular form of any word shall include the plural and vice versa.

## DIRECTIONS

1.    ScanSoft shall quote each document request in full immediately preceding the statement of any answer, response or objection thereto.

2.    Each document request is to be answered fully, unless it is in good faith objected to, in which event the reasons for all of ScanSoft's objections shall be stated in detail.  If an objection pertains to only a portion of a document request, or to a word, phrase, or clause contained within such request, ScanSoft shall state its objection to that portion only, and respond to the remainder of the document request, using its best efforts to do so.  ScanSoft may not fail to respond to a part of a document request merely because ScanSoft objects to another part of the document request.

3.    If, in responding to any of these document requests, ScanSoft encounters any ambiguity in construing either the document request or a definition or instruction relevant to it,

ScanSoft shall set forth the matter deemed ambiguous and the construction used in responding to the request.

4.     If a document request is silent as to the time period for which production of documents or other things is sought, ScanSoft shall produce all documents within ScanSoft's possession, custody, or control at any time before and up through, the date of ScanSoft's production.

5.     All documents shall be produced as kept in the usual course of business, including all file folders, binders, notebooks and other devices by which such papers or things may be organized or separated or organized and labeled to correspond to each request.

6.     If ScanSoft seeks to withhold production of any requested document on the grounds that the attorney-client privilege, the work product immunity, or any other privilege or immunity is applicable to a requested document, ScanSoft shall provide the following information in the form of a list of the documents for which such privilege or immunity is claimed, indicating for each document:

(a)     the general subject matter of the document;

(b)     the date or estimated date that the document was authored or generated;

(c)     the name and title of each author of the document;

(d)     the name and title of each addressee or recipient of a copy of the document;

(e)     the name and title of each person who at any time has read or had possession of the document or of any copy thereof;

(f)     the nature of the privilege (including work product or state privilege); and

(g)    all grounds for any claim that the document is privileged or otherwise protected from discovery, in sufficient detail so as to allow for resolution of the propriety of such claim.

7.    If any document or thing otherwise responsive to any document request has been lost, discarded, or destroyed since its preparation or receipt, ScanSoft shall identify, as completely as possible, the document or thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed, including, without limitation, each document's date, the general nature of the document (e.g., letter, memorandum, fax, electronic mail, etc.), the subject matter of the document, each author or originator, each person indicated as an addressee or copy recipient, or known by ScanSoft to have received a copy of the document or thing, and the document's former custodians.  In addition, as to each such document or thing, the following information shall be supplied:

(a)    date of disposal, loss or destruction;

(b)    manner of disposal, loss or destruction;

(c)    reason for disposal or destruction, or an explanation of the loss;

(d)    identity of the person authorizing the disposal or destruction;

(e)    identity of the person having knowledge of the disposal, loss or destruction;

(f)    identity of the person who destroyed, lost or disposed of the document or thing; and

(g)    identity of any person believed to have possession, custody or control of the document or thing.

8.    These document requests are continuing.  If after responding to any of the following document requests, ScanSoft discovers or acquires additional responsive documents, ART requests that ScanSoft produce any additional responsive documents for inspection and copying in accordance with Fed. R. Civ. P. 26(e), no more than thirty days after ScanSoft discovers or acquires any additional responsive documents.

## SPECIFIC REQUESTS

### REQUEST NO. 1

All documents and things that refer to, relate to, or reflect any perceived infringement of the '966 patent by any act or product of ART or the use of any product of ART

### REQUEST NO. 2

Documents sufficient to show the corporate structure of ScanSoft and its divisions and subsidiaries and sufficient to identify the officers and directors of ScanSoft and its subsidiaries.

### REQUEST NO. 3

Documents sufficient to show and explain ScanSoft document retention policies and document distribution policies for the past ten (10) years.

### REQUEST NO. 4

All documents in ScanSoft's possession relating to or referring to products manufactured or provided by ART  This request includes, but is not limited to, documents or other information which ScanSoft received from ART's customers or potential customers.

### REQUEST NO. 5

All documents, including, without limitation, disclosure documents or the like, that relate or refer to the conception and/or reduction to practice of the subject matter of each claim of the '966 patent.

**REQUEST NO. 6**

All documents that refer or relate to any prior art discovered and/or uncovered by any search ever conducted by or on behalf of ScanSoft with respect to the subject matter defined by any claim of the '966 patent, including, without limitation, United States and foreign patent office search results and search reports.

**REQUEST NO. 7**

All documents that refer or relate to any review, study, consideration, or analysis of the invalidity or the enforceability of the '966 patent.

**REQUEST NO. 8**

To the extent applicable, each document and thing, including, but not limited to, packaging, instruction manuals, price lists, brochures, packaging inserts, advertising, labels, or the products themselves, evidencing the earliest date on which any product was marked with the patent number of the '966 patent in accordance with 35 U.S.C. § 287.

**REQUEST NO. 9**

All documents that refer or relate to the '966 patent.

**REQUEST NO. 10**

All documents that refer or relate to the subject matter of Paragraphs 6, 7, 8, 9, 10 , 11, 12, and 13 of the Complaint.

**REQUEST NO. 11**

All documents that refer or relate to the decision by ScanSoft to file this lawsuit.

**REQUEST NO. 12**

All documents that record, refer to, or relate to any efforts by ScanSoft to view, examine, inspect, analyze, evaluate, and /or test any ART product or the use of such product.

**REQUEST NO. 13**

All documents and things that refer to, relate to, or are in any way concerned with the preparation, filing, or prosecution of the '966 patent.

**REQUEST NO. 14**

All documents and things that refer to, relate to, or reflect upon the first, second, and third sales of those products for which ScanSoft believes are covered by (*i.e.*, the claims read upon) the '966 patent.

**REQUEST NO. 15**

All documents and things that refer to, relate to, or reflect upon the first, second, and third offers for sale of those products for which ScanSoft believes are covered by (*i.e.*, the claims read upon) the '966 patent.

**REQUEST NO. 16**

All documents and things concerning the conception, design, development, manufacture and introduction to the market place of any product that ScanSoft contends is covered by the '966 patent, or which was the basis for the patent application that matured into the '966 patent.

**REQUEST NO. 17**

All documents relating to any other product that ScanSoft believes infringes its '966 patent, including all ScanSoft documents relating to the Voice Signal Technologies patent litigation, and all documents produced by ScanSoft in that litigation.

ART ADVANCED RECOGNITION
TECHNOLOGIES, INC.

By its Counsel,

Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
Kimberly A. Mottley (BBO #651190)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899

Dated: August 13, 2004

## Certificate of Service

I hereby certify that on August 13, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by hand.