UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10840-PBS |
| ) | |
| ART ADVANCED RECOGNITION ) | |
| TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STATEMENT OF DISPUTED MATERIAL FACTS
IN SUPPORT OF SCANSOFT, INC.'S MEMORANDUM IN OPPOSITION TO
ART'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF
U.S. PATENT NO. 6,501,966**

As more fully set forth in the opposing memorandum of plaintiff ScanSoft, Inc. ("ScanSoft"), filed herewith, defendant ART Advanced Recognition Technologies, Inc. ("ART") has not provided the Court with sufficient facts and evidence to meet its burden of proof for summary judgment of non-infringement. Indeed, ART acknowledges that it needs to introduce further facts not presented in its purported Rule 56.1 statement, and proposes "to present its case with experts" (as yet undesignated, with unknown qualifications, using not yet described analysis of unknown materials) at a Markman hearing after its motion has been fully briefed. ART's Memorandum, p. 8. The partial evidence which ART does include with its motion – in the form of the Aharonson Declaration – is itself deficient, as it contains no description of Aharonson's qualifications to offer opinions on the correspondence of terms in the patent claims to either the prior art references or to the accused ART products and methods and thus fails

to satisfy Fed.R.Evidence 702.   More fundamentally, the Declaration contains no basis for establishing that Aharonson is qualified to offer opinions on the level of ordinary skill in the art to which the patent in suit pertains, or on the understanding of the person of ordinary skill in the art as to what the terms in the claims mean.  In addition, Aharonson's discussion of claim terms and of correspondence between claims, prior art and ART's products is at a level of generality which makes it so vague and amorphous as to be useless.  These deficiencies make it impossible for ScanSoft to rebut ART's alleged statement of undisputed fact in a meaningful fashion, particularly without the benefit of discovery of ART's accused products and expert discovery on issues relating to claim construction, infringement and validity (which ScanSoft seeks pursuant to its Rule 56(f) motion, filed herewith).

Nonetheless, pursuant to Local Rule 56.1, ScanSoft states that with respect to ART's Motion for Summary Judgment of Non-Infringement of U.S. Patent 6,501,966, the following material facts present genuine issues to be tried precluding summary judgment of infringement:

1.   ART has not put forth any evidence of the level of skill and qualifications of one of ordinary skill in the art at the time that the original parent application of the '966 patent was filed, without which the Court cannot properly construe the patent claims or rule on infringement.

2.   ART has not put forth any evidence of the understanding of the claim terms by one of ordinary skill in the art at the time that the original parent application of the '966 patent was filed, without which the Court cannot properly construe the patent claims or rule on infringement.

2

3. ART has not put forth any evidence of the need for expert testimony to interpret the claims of the '966 patent, without which the Court cannot properly construe the patent claims or rule on infringement.

4. ScanSoft disputes the following specific facts set forth in ART's statement of purportedly undisputed material facts:

a. Paragraphs 1-8 of ART's Statement are disputed as being misleading by characterizing ART's voice dialing system as being located in the handset of a mobile device rather than in a cellular switch at a telecommunications office. The location of the voice dialing system is not relevant to claim 1 of the '966 patent. Huston Declaration, Ex. A ('966 patent). These statements are also grossly overbroad, oversimplified, and contain improper and unsupportable generalizations (*e.g.,* "the way people have been doing telephone based speech recognition for years is to put a speech recognition module in the handset of the mobile device"), and unsupported by competent expert testimony by someone with appropriate qualifications and personal knowledge. ART also describes speech recognition systems in the abstract (*e.g.,* diagram in paragraph 3) without even alleging, much less proving, that its description is accurate with respect to any actual system.

b. Paragraphs 2, 5 and 26 of ART's Statement that its accused products function just like the prior art are disputed. Without the benefit of discovery, it is simply impossible for ScanSoft to determine to what degree ART's products work like the prior art as alleged by ART. Because the prior art references cited by ART fail to disclose "collecting digits representing a telephone number to be dialed," however, it appears based on ScanSoft's preliminary investigation of ART's products that they do not

3

function like the prior art in at least that respect and perhaps in other material respects as well. *See* ART Exhibits D-F.

   c. Paragraphs 10-22 of ART's Statement are disputed in so far as they attempt to characterize the '966 patent with purported factual statement. The '966 patent should be permitted to speak for itself. In determining what the '966 patent generally discloses one must certainly consider the entire patent, and in particular, the claims. Huston Declaration, Ex. A ('966 patent).

   d. Paragraphs 11 and 18 of ART's Statement are disputed in that ART mischaracterizes the specification of the '966 patent. ART argues that the speech recognition system is located external to the mobile device. To the contrary, both the abstract and column 2 of the '966 patent referenced by ART explicitly state that the speech recognition system may be external to a cellular telecommunications switch, without reference to the mobile device. Huston Declaration, Ex. A ('966 patent).

   e. Paragraphs 12 and 14 of ART's Statement are disputed. ART makes reference to "the invention" leaving ambiguous as to whether it is referring to the invention claimed in the other 3 patents which locate the speech recognition system at the cellular switch or the invention as claimed in claim 1 of the '966 patent in which the location of the system is not specified. Huston Declaration, Ex. A ('966 patent).

   f. Paragraphs 20 and 21 of ART's Statement are disputed. The voice dialing method of claim 1 has advantages over the prior art regardless of where the speech recognition system is located and ART's statements to the contrary are not supported. *See* Huston Declaration, Ex. A ('966 patent, col. 2, lines 24-30: "The foregoing has outlined some of the more pertinent objects of the present invention. These

4

objects should be construed to be merely illustrative of some of the more prominent features and applications of the invention. Many other beneficial results can be attained by applying the disclosed invention in a different manner or modifying the invention as will be described.").

      g.    Paragraph 22 of ART's Statement is disputed. ART has alleged that it was well-known at the time that the '966 patent was filed to have telephone-based speech recognition in the handset of a mobile device. The references cited by ART do not describe that, but rather describe speech recognition units in chipsets located elsewhere in a mobile telecommunication system such as in a briefcase or in the trunk of a car. *See, e.g.,* ART Exhibits D-F. To the extent that those teachings were known to one of ordinary skill in the art at the time that the '966 patent was filed, such a person would have understood the teachings of the '966 patent as being applicable in such applications. In addition, and contrary to paragraph 22 of ART's Statement, the '966 patent contains statements to the effect that the speech recognition may not necessarily be "in" a telecommunications switch, but rather may be used "in conjunction with" such a switch without reference to any particular physical location. Huston Declaration, Ex. A ('966 patent).

      h.    Paragraph 23 of ART's Statement is disputed. The prosecution history of the '966 patent does not support ART's attempt to import limitations into the claims. The Examiner explicitly stated in the prosecution history that "the claims are not identical" in comparing the claims of the '966 patent with those of the application that led to the '848 patent. The Examiner noted that the '966 patent called for "the second command type for a previously stored telephone number." The '848 patent on the other

5

hand calls for "a keyword associated with the destination number to be dialed at the non-wireline telecommunications switching office." In response, the Applicants filed a terminal disclaimer. *See* ART Exhibit B (prosecution history of '966 patent). It is settled law that the filing of a terminal disclaimer "simply serves the statutory function of removing the rejection of double patenting, and raises neither presumption nor estoppel on the merits of the rejection." *Quad Environmental Technologies Corp. v. Union Sanitary District*, 946 F2d 870, 874 (Fed. Cir. 1991).

        i.     Paragraph 24 of ART's Statement is disputed. The statements made by ART with regard to ART's activities are not relevant to the present motion and given the lack of discovery to date, ScanSoft is unable to fully respond to these assertions. *See* Fed.R.Civ.P. 56(f).

Dated: Boston, Massachusetts
       September 13, 2004

SCANSOFT, INC.,

By its attorneys,

/s/ Julia Huston
Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
Tel: (617) 443-9292
Fax: (617) 443-0004
jhuston@bromsun.com

02639/00550   333194.1