IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | ) |
| | ) Civil Action No. 04-10840-PBS |
| Plaintiff, | ) |
| v. | ) Honorable Patti B. Saris |
| | ) |
| ART ADVANCED RECOGNITION | ) **HEARING ON ART'S MOTION FOR** |
| TECHNOLOGIES, INC. | ) **SUMMARY JUDGMENT SCHEDULED** |
| | ) **FOR NOVEMBER 17, 2004 AT 2:00 PM** |
| Defendant. | ) |

**REPLY OF ART ADVANCED RECOGNITION TECHNOLOGIES, INC.
TO SCANSOFT, INC.'S OPPOSITION TO ART'S MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,501,966**

Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel: (617) 526-9600
Fax: (617) 526-9899

Counsel for Defendant ART Advanced
Recognition Technologies, Inc.

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

ARGUMENT..................................................................................................................................2

I. SCANSOFT'S OPPOSITION PROVES WHAT ART HAS BEEN SAYING ALL ALONG – SCANSOFT'S ENTIRE CASE IS ONE OF A STRAINED CLAIM CONSTRUCTION. ..........................................................................................2

II. SCANSOFT'S PROPOSED CLAIM CONSTRUCTION MUST BE REJECTED AS LEGALLY ERRONEOUS AND LACKING EVIDENTIARY SUPPORT................3

   A. Scansoft Fails To Provide Any Dictionary Support For Its Plain And Ordinary Meaning Of Claim 1..........................................................................3

   B. Scansoft's Proposed Construction Of Claim 1 Violates Established Principles Of Claim Construction. ................................................................4

III. THE EVIDENCE OF RECORD DEMONSTRATES THAT THERE IS NO GENUINE DISPUTE OF MATERIAL *FACT* – ART'S SPEECH RECOGNITION PRODUCTS DO NOT INFRINGE THE '966 PATENT ......................6

   A. ART'S Evidence Stands Unrebutted........................................................6

   B. Scansoft Has Failed To Show That There Are Any Genuine Issues Of Material Disputed Fact In This Case...................................................7

   C. ART's Aharonson Declaration Meets The Requirements Of Rule 56(e) ...............9

IV. SUMMARY JUDGMENT OF NON-INFRINGEMENT IS APPROPRIATE AND WARRANTED AT THIS STAGE OF THE CASE ..............................................11

   A. The Court Allowed ART To File This Summary Judgment Motion....................11

   B. Summary Judgment Is A Proper Mechanism To Dispose Of A Patent Case........11

CONCLUSION.............................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

Amazon.com, Inc. v. Barnesandnoble.com, Inc.,
 239 F.3d 1343 (Fed. Cir. 2001) ...................................................................................4

Anderson v. Liberty Lobby, Inc.,
 477 U.S. 242 (1986) ....................................................................................................8

Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,
 345 F.3d 1318 (Fed. Cir 2003)....................................................................................4

Athletic Alternatives, Inc. v. Prince Mfg., Inc.,
 73 F.3d 1573 (Fed. Cir. 1996)......................................................................................2

Barmag Barmer Maschinenfabrik v. Murata Mach. Ltd.,
 731 F.2d 831 (Fed. Cir. 1984)......................................................................................8

Bell Atlantic Network Servs. Inc. v. Covad Communications Group,
 262 F.3d 1258 (Fed. Cir. 2001)....................................................................................5

Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.,
 45 F.3d 1550 (Fed. Cir. 1995)......................................................................................9

Hodosh v. Block Drug Co.,
 782 F.2d 1136, 1141 (Fed. Cir. 1986) .........................................................................2

Lemelson v. Gen. Mills, Inc.,
 968 F.2d 1202 (Fed. Cir. 1992)....................................................................................4

Lewmar Marine, Inc. v. Barient, Inc.,
 827 F.2d 744 (Fed. Cir. 1987)......................................................................................4

Liebel-Flarsheim Co. v. Medrad, Inc.,
 358 F.3d 898 (Fed. Cir. 2004)......................................................................................6

London v. Carson Pirie Scott & Co.,
 946 F.2d 1534 (Fed. Cir. 1991)....................................................................................8

Modine Mfg. Co. v. U.S. Int'l Trade Comm'n,
 75 F.3d 1545 (Fed. Cir. 1996)......................................................................................4

Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.,
 984 F.2d 1182 (Fed. Cir. 1993)....................................................................................7

Scripps Clinic & Research Foundation v. Genentech, Inc.,
    927 F.2d 1565 (Fed. Cir. 1991)......................................................................................11

Tate Access Floors, Inc. v. Interface Architectural Res., Inc.,
    279 F.3d 1357 (Fed. Cir. 2002)........................................................................................4

Texas Digital Sys., Inc. v. Telegenix, Inc.,
    308 F.3d 1193 (Fed. Cir. 2002)........................................................................................3

Toro Co. v. White Consol. Indus, Inc.,
    199 F.3d 1295 (Fed. Cir. 1999)........................................................................................5

**Other Authorities**

28 U.S.C. § 1746................................................................................................................10

Fed. R. Civ. P. 56(e).............................................................................................................9

## **INTRODUCTION**

ART submits this Reply[1] in support of its motion for summary judgment of non-infringement to set the record straight. ScanSoft's opposition tries to create an illusion that there are disputed material *facts* – which there are not – by arguing that its claim construction issues – which are issues of law – should be treated as fact questions.

Scansoft's opposition proves what ART has been saying all along – that ART's motion for summary judgment can be decided once the Court construes the claims. Indeed, because this is true, ScanSoft's opposition simply refuses to take ART's motion head-on. Rather, ScanSoft side-steps the issue of whether the '966 patent must be construed to be valid or not infringed, and instead, accuses ART of trying to add limitations to the claims.

Importantly, ScanSoft has failed to submit *any* non-lawyer evidence to contradict the facts stated in the Aharonson Declaration that ART's speech recognition products operate functionally the same as the prior art speech technology. ScanSoft throws up its hands now and says: "We need discovery," but without explanation as to what evidence *it* relied on when bringing this suit, or what knowledge *it* had about the prior art which *it* distinguished in the patent prosecution. ScanSoft's response here should be seen for what it is: that ScanSoft's infringement case has *no* merit and that ScanSoft's strategy is to delay the proceedings as long as it can, rather than face a final day of reckoning. ART's motion for summary judgment of non-infringement is appropriate and warranted at this early stage of the case, and accordingly, should be granted by the Court.

---

[1] The Scheduling Order entered in the case allows for the filing of replies to motions for summary judgment without requiring leave of court.

**ARGUMENT**

I. **SCANSOFT'S OPPOSITION PROVES WHAT ART HAS BEEN SAYING ALL ALONG – SCANSOFT'S ENTIRE CASE IS ONE OF A STRAINED CLAIM CONSTRUCTION.**

As the record now stands, ScanSoft has offered no *fact* to dispute ART's evidence that: (1) the prior art describes mobile communication devices having embedded speech recognition technology just like ART's technology; or (2) that ART's speech recognition products are embedded into cellular telephones, like the prior art, and just as ART says they are. Rather, the *only* dispute ScanSoft puts before the court is whether the claims of the '966 patent can be construed to cover ART's products in such a way so that they don't also cover the prior art. Because this is solely a legal issue, summary judgment issues can be decided at this stage of the litigation. See Athletic Alternatives, Inc. v. Prince Mfg., Inc., 73 F.3d 1573, 1578 (Fed. Cir. 1996) ("Where, as here, the parties do not dispute any relevant facts regarding the accused product but disagree over which of two possible meanings of Claim 1 is the proper one, the question of literal infringement collapses to one of claim construction and is thus amenable to summary judgment.").

This Court has now scheduled a hearing on ART's motion for summary judgment. At the hearing, ART will demonstrate to the Court that the claims of the '966 patent were not intended to, do not, *and cannot*, cover a mobile telephone in which the speech recognition is done in the handset. The '966 patent, its prosecution file history, and the prior art cited during prosecution of the '966 patent provide all that is necessary for construction of the claims. ART will also be prepared to have a witness testify at the hearing to help the court understand the background of the technology. Summary judgment in this case is proper because "it is quite clear what the truth is," Hodosh v. Block Drug Co., 782 F.2d 1136, 1141 (Fed. Cir. 1986), and because the

undisputed facts and applicable law demonstrate that ART is entitled to summary judgment of non-infringement as a matter of law.

II. **SCANSOFT'S PROPOSED CLAIM CONSTRUCTION MUST BE REJECTED AS LEGALLY ERRONEOUS AND LACKING EVIDENTIARY SUPPORT.**

   A. **Scansoft Fails To Provide Any Dictionary Support For Its Plain And Ordinary Meaning Of Claim 1.**

ScanSoft argues that the Court should read claim 1 according to its "plain and ordinary" meaning. Yet, ScanSoft fails to introduce *any* dictionary evidence to show the plain and ordinary meaning of any of the terms and phrases in claim 1. The Federal Circuit has stated that "dictionaries, encyclopedias and treatises are particularly useful resources to assist the court in determining the ordinary and customary meanings of claim terms." Texas Digital Sys., Inc. v. Telegenix, Inc., 308 F.3d 1193, 1202 (Fed. Cir. 2002).

Claim 1 relates to a "speech recognition method for a mobile *telecommunication system*…" One dictionary definition for the term "telecommunication system" defines this term as "a communication system for communicating at a distance." WordNet, Princeton Univ. (ART's Ex. K). This dictionary definition of "telecommunication system" is in full accord with ART'S proposed constructions for the claim phrases "voice recognizer capable of recognizing commands and characters received from a mobile telecommunication user*"* and "receiving a command from a mobile telecommunication user" in claim 1, which should be construed to mean that the speech recognition system must be located at (or near to) the telecommunication switch, and the command must be received through a telecommunication switch.[2]

---

[2] Additionally, the dictionary definition of "telecommunication system" is in accord with the article by C.E. Shannon entitled "A Mathematical Theory of Communication," which defines a communication system as follows:

> By a communication system we will mean a system of the type indicated schematically in Fig. 1. It consists of essentially five parts: 1. An information source which produces a message or sequence of messages to be communicated to the receiving terminal… 2. A transmitter which operates on the message in some way to produce a signal suitable for transmission… 3. The

### B. Scansoft's Proposed Construction Of Claim 1 Violates Established Principles Of Claim Construction.

Further, it is black letter law that a court should interpret the claims to uphold their validity, if possible. See Lewmar Marine, Inc. v. Barient, Inc., 827 F.2d 744, 749 (Fed. Cir. 1987). "When claims are amenable to more than one construction, they should when reasonably possible be interpreted so as to preserve their validity." Modine Mfg. Co. v. U.S. Int'l Trade Comm'n, 75 F.3d 1545 (Fed. Cir. 1996).

ScanSoft's opposition simply ignores this claim construction canon. ScanSoft instead argues that the Court should read the claim no broader than its "plain and ordinary" meaning, without reference to the patent specification, the prosecution history, or the prior art cited during the prosecution of the '966 patent. "A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343 (Fed. Cir. 2001) (citations omitted). "[T]he same interpretation of a claim must be applied to all validity and infringement issues in the case." Lemelson v. Gen. Mills, Inc., 968 F.2d 1202 (Fed. Cir. 1992).

It is clear that the prior art references "of record in the prosecution history … may be consulted in the process of claim construction for what they indicated about the prior art." Arlington Indus., Inc. v. Bridgeport Fittings, Inc. 345 F.3d 1318 (Fed. Cir 2003). See also Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1371 n.4 (Fed. Cir. 2002) ("Prior art cited in the prosecution history falls within the category of intrinsic evidence."). ScanSoft cannot ignore the prior art references cited during the prosecution history of the '966

---

channel is merely the medium used to transmit the signal from transmitter to receiver… 4. The receiver ordinarily performs the inverse operation of that done by the transmitter, reconstructing…
5. The destination is the person (or thing) for whom the message is intended.

Shannon Article, at 2 (ART'S Ex. L). Although this article constitutes extrinsic evidence, it is in accord with the dictionary definition described above.

patent.  These references constitute intrinsic evidence which may be considered by the court during claim construction.

Perhaps the most compelling argument that the claims of the '966 patent must be considered in view of the prior art cited during the prosecution is that one of the prior articles *was written by a named inventor of the '966 patent*, Thomas Schalk.  This article, entitled "Voice Recognition in Cellular Mobile Telephones," describes speech recognition technology embedded within a mobile cellular device for vehicular use.  See Schalk Article, at 24-28 (ART Ex. E).  Specifically, the article described voice recognition technology located in the chipset (an Intel 80186 microprocessor) of the phone:  *"It is a software-based recognizer that requires a single general purpose microprocessor (Intel 80186) for implementation."*  Schalk Article, at 27 (ART Ex. E) (emphasis added).  There can be no question that Schalk knew the difference between embedded and network-based speech recognition systems, and that the claims of the '966 patent could only have been intended to cover voice recognition taking place at or near the telecommunication switch, as opposed to the handset of a mobile device.  ScanSoft has done nothing to rebut this argument in its opposition.

Furthermore, ScanSoft completely ignores the written description of the invention, described in the '966 patent.  When, as here, the written description is not an alternative, but rather a description of the invention itself, that description necessarily controls the claim interpretation.  See Toro Co. v. White Consol. Indus, Inc., 199 F.3d 1295, 1301-02 (Fed. Cir. 1999).  Moreover, as explained in ART's Opening Memorandum, the ordinary meaning of the '966 patent claim language "is sufficiently broad and amorphous that the scope of the claim language can be reconciled only with recourse to the written description."  See Bell Atlantic Network Servs. Inc. v. Covad Communications Group, 262 F.3d 1258, 1269-70 (Fed. Cir. 2001).

The case relied upon by ScanSoft in its Opposition, Liebel-Flarsheim Co. v. Medrad, Inc., 358 F.3d 898 (Fed. Cir. 2004), does not support ScanSoft's claim construction. In that case, the accused defendant sought to incorporate the limitation of a "pressure jacket" into the claims. In contrast, ART is not advocating that any limitations be read into claim 1, but rather, that a proper construction of the phrases "voice recognizer capable of recognizing commands and characters received from a mobile telecommunication user" and "receiving a command from a mobile telecommunication user" in claim 1 is that speech recognition system must be located at or near the telecommunication switch, and the command must be received through a telecommunication switch. Not one word in the '966 patent or its prosecution history suggests that the applicants ever intended to have the '966 patent read on speech recognition taking place on the mobile phone itself, *because that was exactly what the prior art cited during the prosecution history described.*

### III. THE EVIDENCE OF RECORD DEMONSTRATES THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT – ART'S SPEECH RECOGNITION PRODUCTS DO NOT INFRINGE THE '966 PATENT.

#### A. ART'S Evidence Stands Unrebutted.

The following evidence of record submitted by ART in support of its motion for summary judgment of non-infringement stands *unrebutted* in this case:

(1)  the '966 patent itself (Ex. A);

(2)  the relevant cited excerpt from the prosecution history of the '966 patent (Ex. B);

(3)  ART's description of the three prior art references having embedded speech technology, all of which were found in the prosecution file of the '966 patent (Exs. D, E, F);

(4)  the authenticity or accuracy of brochures for ART's speech recognition products (including smARTspeak NG; smARTspeak XG; smARTspeak XGT; and smARTcar), and in which those products are described as "embedded" speech solutions (Exs. G, H, I, J);

(5) the facts discussed in the signed declaration from Eran Aharonson stating that ART's speech recognition products operate functionally the same as the prior art; and

(6) the accuracy of the chart submitted by ART comparing claim 1 of the '966 patent to three prior art references and ART's speech recognition products (Ex. C).

This evidence is all that is necessary to allow for a full and fair construction of the claims of the '966 patent, and to show that ART's speech recognition products *cannot* infringe the '966 patent. Although the court may hear extrinsic evidence at the hearing on the motion – in the form of expert testimony or deposition testimony of the inventors – ScanSoft has not pointed to *any* missing *fact* that is needed to determine whether ART's embedded speech recognition products infringe the '966 patent.

Furthermore, if there is to be expert testimony, there is plenty of time between now and the hearing that the Court has scheduled in mid-November. ART has indicated that it will be prepared to argue its motion with the assistance expert testimony, if necessary, to allow it to put the technology into historical context. ScanSoft seems to be confusing the concepts of *expert opinions* and *facts*. Of course, as ScanSoft should know, experts offer *opinions*, and any suggestion that expert testimony "will provide additional facts not yet of record but necessary to support ART's motion" is simply an argument for delay.

**B.  Scansoft Has Failed To Show That There Are Any Genuine Issues Of Material Disputed Fact In This Case.**

ScanSoft's opposition fails to show that there are any genuine issues of material disputed *fact* in this case. Instead, ScanSoft's opposition makes conclusory and inconsistent statements, unsupportable assertions, and general denials, none of which suffice to raise a genuine issues of fact. See Paragon Podiatry Lab., Inc. v. KLM Labs., Inc., 984 F.2d 1182, 1190 (Fed. Cir. 1993) ("merely conclusory statements or completely insupportable, specious, or conflicting explanations or excuses will not suffice to raise a genuine issue of fact"). Although ScanSoft

*argues* "virtually every factual issue remains in dispute, including the factual issue of infringement," ScanSoft's Opp. at 11, ScanSoft does nothing to show *how* or *why* such issues are in dispute, other than to say that that showing needs to wait until after it conducts discovery.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added). "The party opposing the motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant." Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 836 (Fed. Cir. 1984). As here, where the non-moving party's proof is deficient in meeting an essential element of its own case, there can be no genuine issue of material fact. See London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1537 (Fed. Cir. 1991).

ScanSoft has had four weeks since the filing of ART's motion for summary judgment to submit an affidavit from a *non-lawyer* showing that there were genuine material facts in dispute. For example, ScanSoft could have submitted an affidavit stating that ART's accused products are not embedded speech recognition products, or do not operate as ART alleges. Or, ScanSoft could have submitted an affidavit stating that ART's accused products do not function the same as the prior art. ScanSoft could have submitted an affidavit from its Chief Technology Officer, Michael Phillips, or the Vice President of ScanSoft's "Embedded Speech" division, Alan Swartz, both of whom are listed on ScanSoft's initial disclosures as knowledgeable of the facts in this case. See ScanSoft's Init. Discls. at 1-2 (ART Ex. M). Indeed, both are listed as individuals involved in ScanSoft's decision to bring suit against ART, and Mr. Phillips is listed as the

-8-

individual "most knowledgeable" as to the structure and operation of ART's accused products. See ScansSoft's Interrog. Resps. Nos. 7, 9 (ART Ex. N).

Instead, ScanSoft has only submitted an affidavit from its *lawyer*, which is not sufficient to show that there are genuine issues of material disputed fact. "There must be sufficient substance, other than attorney argument, to show that the issue requires trial." Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc., 45 F.3d 1550, 1562 (Fed. Cir. 1995).

ScanSoft was required at this stage of the case to come forth with *substantive* evidence to show that there are genuine issues of material disputed fact. ScanSoft has failed to do so. ScanSoft cannot sit back and rest on its lawyer's argument that material facts are in dispute.

**C.    The Aharonson Declaration Meets the Requirements of Rule 56(e).**

ScanSoft argues that the Aharonson Declaration fails to meet the requirements of Federal Rule of Civil Procedure 56(e). Rule 56(e) only requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). There is no question that the Aharonson Declaration was made on Mr. Aharonson's personal knowledge, Aharonson Aff. at ¶ 3, that such facts in the Declaration would be admissible as evidence, and that Mr. Aharonson is competent to testify as to the matters stated in his Declaration. In fact, ART submitted documents to corroborate the facts declared in the Aharonson Declaration, including brochures of ART's products and certain prior art references cited during the prosecution of the '966 patent.

ScanSoft, however, goes to great lengths in its Opposition to argue alleged fatal "deficiencies" in the Aharonson Declaration. ScanSoft neglects to mention, however, that it previously failed to raise *any* concerns, either procedural or substantive, about the Aharonson

Declaration submitted in support of ART's motion to dismiss on June 16, 2004. This declaration was essentially the same declaration that was submitted in support of ART's motion for summary judgment on August 16, 2004 (the subsequent declaration contains some additional facts), and importantly, the recitals on the signature pages of both are the same.

Because ScanSoft failed to challenge the original Aharonson Declaration, ScanSoft has waived the right to challenge the subsequent Aharonson Declaration submitted in support of ART's motion for summary judgment. Yet, ScanSoft's lawyer now attaches one of Mr. Aharonson's patents to show that he is a citizen of Israel, and then attaches a web page print-out to show that the facsimile number appearing on the signature page of the Declaration is an Israeli number. ScanSoft then makes the argument that because of these "facts," the Aharonson Declaration did not have a proper recital on the signature page. Of course, Mr. Aharonson understood that he was signing his Declaration under oath and under penalty of perjury *under the laws of the United States*, and that his Declaration was *true and accurate*. To clear up any issue, however, attached to this Reply as Exhibit O is a second Aharonson Declaration which conforms to the language of 28 U.S.C. § 1746.

Finally, ScanSoft misses the point with its argument that "the Declaration contains no basis for establishing that Aharonson is qualified to offer opinions on the level of ordinary skill in the art to which the patent pertains, or on the understanding of the person of ordinary skill in the art as to what the terms in a claims mean." ScanSoft's Opp. at 5-6. Mr. Aharonson has not been designated as an expert witness in the case, nor does the Declaration purport to be a declaration from an expert witness. Rather, the Aharonson Declaration was intended to support the fact that ART's accused products are embedded speech recognition products and the fact that ART's products function in the same manner as the prior art.

## IV. SUMMARY JUDGMENT OF NON-INFRINGEMENT IS APPROPRIATE AND WARRANTED AT THIS STAGE OF THE CASE.

### A. The Court Allowed ART To File this Summary Judgment Motion.

At the Scheduling Conference on August 5, 2004, the Court specifically allowed ART to file a summary judgment motion at this stage of the case if ART "walk[ed the Court] through the claim and what [the] claim is." Tr. at 21. Moreover, when counsel for ART stated that ART would "file a summary judgment motion that will join the issue clearly," the Court responded: "Okay. And so, that's what we'll do." Tr. at 21. As such, ScanSoft's has absolutely no basis to argue that ART's summary judgment motion is premature.

As to ScanSoft's argument that ART is interfering with the schedule in the Voice Signal case, that schedule is totally irrelevant to ART's summary judgment motion. In any event, it would only benefit both the Court and the parties if the issues in this case were decided on summary judgment in favor of ART. ScanSoft's argument that the ScanSoft/ART case must track with the ScanSoft/Voice Signal only proves that ScanSoft's strategy here is to delay the proceedings as long as it can, rather than face the truth.

### B. Summary Judgment Is A Proper Mechanism To Dispose Of A Patent Case.

Summary judgment is a useful mechanism to resolve patent cases at an early stage when, as is the case here, the issues are so clear: either the claims of the '966 patent are invalid in view of the prior art, or the claims of the '966 patent cannot cover the accused products. See Scripps Clinic & Research Foundation v. Genentech, Inc., 927 F.2d 1565 (Fed. Cir. 1991) ("Summary judgment is a useful procedural tool whereby an unnecessary trial is avoided when there are no material facts in dispute."). On the present record, ART is entitled to summary judgment of non-infringement. ScanSoft has not come forward with a shred of evidence to support its case.

-11-

## **CONCLUSION**

For the reasons set forth herein and in ART's Opening Memorandum, summary judgment of non-infringement in favor of ART and against ScanSoft should be granted.

Respectfully submitted,

ART ADVANCED RECOGNITION
TECHNOLOGIES, INC.

By its Counsel,

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel: (617) 526-9600
Fax: (617) 526-9899

Dated:  October 4, 2004

## **Certificate of Service**

I hereby certify that on October 4, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by use of the Court's ECF system.

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)