UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>          Plaintiff,<br><br>          v.<br><br>ART ADVANCED RECOGNITION<br>TECHNOLOGIES, INC.<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 04-10840-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

## SCANSOFT, INC.'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-15)[SIC, 17] OF ART ADVANCED RECOGNITION TECHNOLOGIES, INC.

Plaintiff, ScanSoft, Inc. ("ScanSoft"), hereby responds to the First Set of Requests for Production of Documents and Things (Nos. 1-15)[*sic*, 17] of ART Advanced Recognition Technologies, Inc. ("ART"). ScanSoft reserves the right to amend or supplement these responses at a later time.

### GENERAL OBJECTIONS

General objections are set forth in full below. Where in response to a document request ScanSoft refers to one or more of the following general objections, the referenced objection(s) shall be incorporated in said response as if fully set forth therein.

These General Objections apply to all of ScanSoft's responses. To the extent that specific General Objections are cited in a specific response, those specific citations are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the request.

    1.    <u>Privileged Information</u>. ScanSoft objects to each request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of these objections. Without waiving the foregoing objection and subject thereto, ScanSoft identifies the following categories of documents as withheld on the basis of privilege: correspondence, notes and memoranda generated in the course of prosecution of the '966 patent and related patents; correspondence, notes and memoranda generated in anticipation of or in the course of this litigation; and correspondence, notes and memoranda generated in anticipation of

or in the course of any litigation that has been brought or may be brought in connection with the '966 patent.

2. <u>Confidential Information</u>. ScanSoft objects to each request to the extent it seeks information which is confidential and proprietary to ScanSoft without entry of an appropriate Protective Order governing use of confidential material in this case. All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of this objection.

3. <u>Overbroad and Unduly Burdensome</u>. ScanSoft objects to each request to the extent it is overbroad and unduly burdensome.

4. <u>Not Reasonably Calculated to Lead to Discovery of Admissible Evidence</u>. ScanSoft objects to each request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

5. <u>Confidential Information of Third Parties</u>. ScanSoft objects to each request to the extent it seeks information that is confidential and proprietary to third parties, including the information of third parties subject to a protective order in another case. ScanSoft will only produce the confidential information of a third party with the permission of said third party.

6. <u>Definition of Term "ScanSoft."</u>   ScanSoft objects to the definition of the term "ScanSoft" on the grounds that it is overbroad and that it would be unduly burdensome to respond to ART's discovery requests in accordance with the definition. For purposes of these requests, ScanSoft will consider the term "ScanSoft" to mean ScanSoft, Inc., its successors, subsidiaries, divisions, departments, parent corporations, organizational operating units, principals, employees, officers, directors, agents, and legal representatives.

## NOTICE REGARDING THE PRODUCTION OF DOCUMENTS

In response to ART's requests, ScanSoft indicates that certain documents will be produced. All statements that documents will be produced shall include, as if fully set forth therein, the proviso, condition and limitation that only non-privileged, non-confidential documents which are not subject to any protective order and which exist in ScanSoft's custody, control or possession will be produced; no statement that documents will be produced shall be read to include any privileged documents, confidential documents, or documents subject to any protective order, or documents not existing in ScanSoft's custody, control or possession, nor shall such statement be considered a waiver of privilege, confidentiality, or rights granted pursuant to protective order. No statement that documents or things will be produced shall be construed as a representation that any such documents exist. All responses are also subject to any other applicable objections.

For purposes of these responses, use of the term "documents" in a statement that "documents will be produced" includes documents and things.

2

For purposes of these responses, use of the term "non-privileged" in a statement that "non-privileged documents will be produced" means documents not subject to the attorney-client privilege or the attorney work product doctrine.

All documents produced will be produced by either providing copies of the documents to ART's counsel at ART's cost, or by permitting ART's counsel to inspect and copy, at ART's cost, the documents at the offices of Bromberg & Sunstein LLP or such other location as mutually agreed upon by the parties.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Request No. 1:

All documents and things that refer to, relate to, or reflect any perceived infringement of the '966 patent by any act or product of ART or the use of any product of ART.

Answer to Request No. 1:

See General Objections Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 2:

Documents sufficient to show the corporate structure of ScanSoft and its divisions and subsidiaries and sufficient to identify the officers and directors of ScanSoft and its subsidiaries.

Answer to Request No. 2:

See General Objections Nos. 3-4 and 6. Representative, non-privileged documents responsive to this request, if any, will be produced.

Request No. 3:

Documents sufficient to show and explain ScanSoft document retention policies and document distribution policies for the past ten (10) years.

Answer to Request No. 3:

See General Objections Nos. 3-4 and 6. Representative, non-privileged documents responsive to this request, if any, will be produced.

3

Request No. 4:

All documents in ScanSoft's possession relating to or referring to products manufactured or provided by ART. This request includes, but is not limited to, documents or other information which ScanSoft received from ART's customers or potential customers.

Answer to Request No. 4:

See General Objections Nos. 1-6. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 5:

All documents, including, without limitation, disclosure documents or the like, that relate or refer to the conception and/or reduction to practice of the subject matter of each claim of the '966 patent.

Answer to Request No. 5:

See General Objections Nos. 1-2 and 5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 6:

All documents that refer or relate to any prior art discovered and/or uncovered by any search ever conducted by or on behalf of ScanSoft with respect to the subject matter defined by any claim of the '966 patent, including, without limitation, United States and foreign patent office search results and search reports.

Answer to Request No. 6:

See General Objections Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 7:

All documents that refer or relate to any review, study, consideration, or analysis of the invalidity or the enforceability of the '966 patent.

4

Answer to Request No. 7:

See General Objections Nos. 1-2 and 5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 8:

To the extent applicable, each document and thing, including, but not limited to, packaging, instruction manuals, price lists, brochures, packaging inserts, advertising, labels, or the products themselves, evidencing the earliest date on which any product was marked with the patent number of the '966 patent in accordance with 35 U.S.C. § 287.

Answer to Request No. 8:

See General Objections Nos. 1-5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 9:

All documents that refer or relate to the '966 patent.

Answer to Request No. 9:

See General Objections Nos. 1-5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 10:

All documents that refer or relate to the subject matter of Paragraphs 6, 7, 8, 9, 10, 11, 12, and 13 of the Complaint.

Answer to Request No. 10:

See General Objections Nos. 1-5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 11:

All documents that refer or relate to the decision by ScanSoft to file this lawsuit.

Answer to Request No. 11:

See General Objections Nos. 1-4 and 6. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 12:

All documents that record, refer to, or relate to any efforts by ScanSoft to view, examine, inspect, analyze, evaluate and/or test any ART product or the use of such product.

Answer to Request No. 12:

See General Objections Nos. 1-4 and 6. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 13:

All documents and things that refer to, relate to, or are in any way concerned with the preparation, filing, or prosecution of the '966 patent.

Answer to Request No. 13:

See General Objections Nos. 1-5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 14:

All documents and things that refer to, relate to, or reflect upon the first, second, and third sales of those products for which ScanSoft believes are covered by (*i.e.*, the claims read upon) the '966 patent.

Answer to Request No. 14:

See General Objections Nos. 1-6. ScanSoft further objects on the grounds that the term "first, second, and third sale" is vague and ambiguous. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 15:

All documents and things that refer to, relate to, or reflect upon the first, second, and third offers for sale of those products for which ScanSoft believes are covered by (*i.e.*, the claims read upon) the '966 patent.

Answer to Request No. 15:

See General Objections Nos. 1-6. ScanSoft further objects on the grounds that the term "first, second, and third offers for sale" is vague and ambiguous. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 16:

All documents and things concerning the conception, design, development, manufacture and introduction to the market place of any product that ScanSoft contends is covered by the '966 patent, or which was the basis for the patent application that matured into the '966 patent.

Answer to Request No. 16:

See General Objections Nos. 1-6. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 17:

All documents relating to any other product that ScanSoft believes infringes its '966 patent, including all ScanSoft documents relating to the Voice Signal Technologies patent litigation, and all documents produced by ScanSoft in that litigation.

Answer to Request No. 17:

See General Objections Nos. 1-6. ScanSoft further objects on the grounds that the litigation against Voice Signal Technologies involves claims and counterclaims unrelated to the '966 patent, and ScanSoft expressly declines to produce documents produced in the Voice Signal Technologies litigation that do not relate to the '966 patent. To the extent that ART contends that any documents designated as confidential or highly confidential by a third party (including

Voice Signal Technology) are responsive to this request, ScanSoft expressly declines to produce them in the absence of the written permission of said third party. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Dated: September 17, 2004

SCANSOFT, INC.,
By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

### CERTIFICATE OF SERVICE

I certify that, on September 17, 2004, a true copy of this document was served by hand on counsel for ART Advance Recognition Technologies. Inc., Steven M. Bauer, Esq., Proskauer Rose LLP, One International Place, 14th Floor, Boston, MA 02110-2600.

Jack C. Schecter

02639/00550 330092.1