IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04-10840-PBS |
| ) | |
| ART ADVANCED RECOGNITION ) | Honorable Patti B. Saris |
| TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |

**ART ADVANCED RECOGNITION TECHNOLOGIES, INC.'S OPPOSITION
TO SCANSOFT, INC.'S MOTION FOR CONTINUANCE PURSUANT TO RULE 56(f)**

ScanSoft's motion for continuance pursuant to Fed. R. Civ. P. 56(f) should be denied.

First, ScanSoft's motion should be denied as moot, because the Court has now scheduled a hearing on ART's motion for summary judgment of non-infringement.

Second, and perhaps more importantly, ScanSoft has failed to articulate *any* specific reason why it needs additional time to respond to ART's motion for summary judgment, other than to say that it "needs" discovery because "virtually every factual issue remains in dispute." However, ScanSoft does not point to any specific fact that it needs discovery on to create a genuine issue of material fact, instead submitting an insufficient affidavit of its lawyer to support its request for continuance.

The Court should deny ScanSoft's motion for continuance pursuant to Rule 56(f) for the reasons discussed below, in addition to the reasons discussed in ART's Reply in support of its Motion for Summary Judgment (docket no. 36), which is incorporated by reference.

**ARGUMENT**

I.  **Scansoft's Motion For Continuance Is Moot Because The Court Has Scheduled A Hearing On ART's Motion For Summary Judgment Of Non-Infringement.**

After ScanSoft filed its motion for continuance pursuant to Rule 56(f), the Court scheduled a hearing on ART's motion for summary judgment. This hearing is scheduled for November 17, 2004 at 2:00 p.m. Accordingly, ScanSoft's motion for continuance is moot, and its motion should be denied for this reason alone.

II.  **Scansoft Fails To Articulate Any Specific Reasons Why It Needs Additional Time To Respond To ART's Motion For Summary Judgment Of Non-Infringement.**

Rule 56(f) only allows courts to "order a continuance to permit" discovery following the filing of an affidavit containing "reasons … essential to justify the party's opposition." Fed. R. Civ. P. 56(f). ScanSoft fails to articulate any reasons in the Huston affidavit why it needs additional time to respond to ART's motion for summary judgment, other than to say ScanSoft needs discovery. If the court construes the claims of the '966 patent in view of the prior art, then there is no discovery that will enable ScanSoft to produce facts which will show there to be a genuine issue of material disputed fact at trial. Of course, ScanSoft must know enough about how ART's speech recognition products operate, because if ScanSoft did not know these facts, ScanSoft would be subject to sanctions under Rule 11 for filing an improper lawsuit.

Rule 56(f) should not be employed by ScanSoft as a vehicle to delay granting a proper motion for summary judgment. Courts require the non-movant to clearly articulate why additional time will produce discovery that is likely to establish genuine issues of material fact. See, e.g., Becerra v. Asher, 105 F.3d 1042, 1048 (5th Cir. 1997) (affirming summary judgment and denial for continuance because the non-movant failed to show why additional discovery is needed and how it will create a genuine issue of material fact); Sierra Club v. Slater, 130 F.3d

623, 638 (6th Cir. 1997) (same). Because ScanSoft has failed to clearly articulate why additional time will produce discovery that is likely to establish genuine issues of material fact, ScanSoft's motion for continuance should be denied.

### III. The Mere Fact That Discovery Has Just Begun Is No Reason to Grant Scansoft's Motion For Continuance.

The mere fact that discovery is in its early stages does not mean that the Court should grant ScanSoft's motion for continuance. ScanSoft does not point to any discovery that will allow it to uncover facts which will show there to be a genuine issue of material disputed fact for trial. On the other hand, ART has submitted a declaration and product brochures in support of its summary judgment motion that describe ART's speech recognition products as being embedded into cellular telephone. ART has also submitted three prior art references that were cited during the prosecution history of the '966 patent that describe speech recognition technology being embedded into mobile communication devices. ScanSoft has not pointed to *any* fact even suggesting that ART's speech recognition products may not operate as described, or *any* fact suggesting that the prior art does not operate as described.

When, as in this case, it seems clear that the movant may be entitled to summary judgment as a matter of law, courts have routinely denied motions for continuance. See, e.g., U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc., 281 F.3d (9th Cir. 2002) (affirming summary judgment and denial of motion for continuance because non-movant's position on contract interpretation was not possible as a matter of law); Hancock Indus. v. Schaeffer, 811 F.2d 225 (3d. Cir. 1987) (affirming refusal to grant extra time for discovery where non-movant's claim was clearly improper as a matter of law).

ScanSoft seems to argue that *every* patent case must have full-blown discovery and proceed to a lengthy trial. ScanSoft, however, is simply wrong. With the *median* cost of a patent

infringement suit in the Boston area in 2003 (with an amount at risk over $25 million) at $2.5 million through the end of discovery, and $4.5 million inclusive of all costs (as reported by the American Intellectual Property Law Association), there *must* be a way to properly and justly dispose of patent cases, like the case here, that have no merit.

Summary judgment is the appropriate mechanism in this case to secure the just, speedy, and inexpensive determination of the proceedings, and to avoid the cost of unnecessary and lengthy discovery and trial.

## CONCLUSION

For the following reasons, in addition to the reasons discussed in ART's Reply in support of its Motion for Summary Judgment, the Court should deny ScanSoft's motion for continuance.

>Respectfully submitted,
>ART ADVANCED RECOGNITION
>TECHNOLOGIES, INC.
>
>By its Counsel,
>
>/s/ Steven M. Bauer
>Steven M. Bauer (BBO #542531)
>Jeremy P. Oczek (BBO #647509)
>PROSKAUER ROSE LLP
>One International Place
>Boston, MA  02110
>Tel: (617) 526-9600
>Fax: (617) 526-9899

Dated:  October 4, 2004

## Certificate of Service

I hereby certify that on October 4, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by use of the Court's ECF system.

>/s/ Steven M. Bauer
>Steven M. Bauer (BBO #542531)