IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
SCANSOFT, INC.                      )
                                    )
            Plaintiff,              )
v.                                  )   Civil Action No. 04-10840-PBS
                                    )
ART ADVANCED RECOGNITION            )   Honorable Patti B. Saris
TECHNOLOGIES, INC.                  )
                                    )
            Defendant.              )
_____)

**ART ADVANCED RECOGNITION TECHNOLOGIES, INC.'S OPPOSITION TO
SCANSOFT, INC.'S MOTION FOR ATTORNEYS' FEES PURSUANT TO RULE 56(g)**

ScanSoft's motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 56(g) should be denied. ScanSoft bases its motion on an argument that the Aharonson Declaration was filed "in bad faith" and "solely for the purpose of delay." In fact, the Aharonson Declaration is fully supported by corroborating evidence and was filed as part of ART's effort to bring a prompt resolution of the case, not to delay matters. The strategy behind ScanSoft's motion and the invective contained within should be apparent: because ScanSoft fails to offer *any* facts in support of *its* opposition to ART's motion for summary judgment, ScanSoft's only hope here is to distract attention away from its baseless case.

The Court should deny ScanSoft's motion for attorneys' fees pursuant to Rule 56(g) for the reasons discussed below, in addition to the reasons discussed in ART's Reply in support of its Motion for Summary Judgment (docket no. 36), which is incorporated by reference.

**ARGUMENT**

I.  **The Aharonson Declaration Meets the Requirements of Rule 56(e).**

ScanSoft's basis for moving for attorneys' fees is that the Aharonson Declaration allegedly fails to meet the requirements of Federal Rule of Civil Procedure 56(e). Rule 56(e) only requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). There is no issue that the Aharonson Declaration was made on Mr. Aharonson's personal knowledge, Aharonson Aff. at ¶ 3, that such facts in the Declaration would be admissible as evidence, and that Mr. Aharonson is competent to testify as to the matters stated in his Declaration. In fact, ART submitted documents to corroborate the facts declared in the Aharonson Declaration, including brochures of ART's products and certain prior art references cited during the prosecution of the '966 patent.

ScanSoft misses the point with its argument that "the Declaration contains no basis for establishing that Aharonson is qualified to offer opinions on the level of ordinary skill in the art to which the patent pertains, or on the understanding of the person of ordinary skill in the art as to what the terms in a claims mean." ScanSoft's Mem. at 2. Mr. Aharonson has not been designated as an expert witness in the case, nor does the Declaration purport to be a declaration from an expert witness. Rather, the Aharonson Declaration was intended to support the fact that ART's accused products are embedded speech recognition products and the fact that ART's products function in the same manner as the prior art.

ScanSoft also goes to great lengths to argue alleged fatal "deficiencies" in the Aharonson Declaration. ScanSoft neglects to mention, however, that it previously failed to raise *any*

concerns, either procedural or substantive, about the Aharonson Declaration submitted in support of ART's motion to dismiss on June 16, 2004. This declaration was essentially the same declaration that was submitted in support of ART's motion for summary judgment on August 16, 2004 (the subsequent declaration contains some additional facts), and importantly, the recitals on the signature pages of both are the same.

Because ScanSoft failed to challenge the original Aharonson Declaration, ScanSoft has waived the right to challenge the subsequent Aharonson Declaration submitted in support of ART's motion for summary judgment. Of course, Mr. Aharonson understood that he was signing his Declaration under oath and under penalty of perjury *under the laws of the United States*, and that his Declaration was *true and accurate*. To clear up any issue, however, attached to ART's Reply in Support of its Motion for Summary Judgment is a second Aharonson Declaration which conforms to the language of 28 U.S.C. § 1746.

Finally, the following evidence of record submitted by ART clearly supports its motion for summary judgment of non-infringement and stands *uncontroverted* by ScanSoft in this case: (1) the '966 patent ; (2) the relevant cited excerpt from the prosecution history of the '966 patent; (3) three prior art references describing embedded speech technology, all of which were found in the prosecution file of the '966 patent; (4) the brochures for ART's speech recognition products, and in which those products are described as "embedded" speech solutions; (5) the facts discussed in the signed Aharonson Declaration stating that ART's speech recognition products operate functionally the same as the prior art; and (6) the chart submitted by ART comparing claim 1 of the '966 patent to three prior art references and ART's speech recognition products.

This evidence is all that is necessary to allow for a full and fair construction of the claims of the '966 patent, and to show that ART's speech recognition products *cannot* infringe the '966

patent. ScanSoft has not pointed to *any* missing fact that is needed to determine whether ART's embedded speech recognition products infringe the '966 patent.

**II.    ScanSoft's Motion Should Be Denied Because The Aharonson Declaration Was Not Filed In Bad Faith Or Solely For The Purpose Of Delay.**

Rule 56(g) only allows the court to award sanctions when affidavits are filed either "in bad faith" or "solely for the purpose of delay." Fed. R. Civ. P. 56(g). As explained in detail above, ScanSoft's motion should be denied because neither circumstance is present here.

Of course, ScanSoft fails to cite *any* case involving Rule 56(g). Relatively few reported decisions employ the sanction power of Rule 56(g), and those few cases that do allow sanctions require a heavy showing of bad faith or purposeful delay. While such a severe standard of proof is consistent with the exacting language of the rule, the existing construction of Rule 56(g) requires "conduct [that] has been particularly egregious." Fort Hill Builders, Inc. v. National Grange Mut. Ins. Co., 866 F.2d 11, 16 (1st Cir. 1989) (reversing sanction of attorneys' fees because position of appellant "cannot be said to have been made in objective bad faith"). For example, in Actrotube v. JK Financial Group, the court imposed sanctions in the clear case where a bad faith affidavit was "flatly at odds with facts indisputably within [the affiant's] knowledge." 653 F. Supp. 470, 478 (N.D. Ga. 1987). ScanSoft has done nothing to suggest that the Aharonson Declaration is flatly at odds with facts indisputably within Mr. Aharonson's knowledge. In fact, the corroborating evidence submitted along with the Aharonson Declaration demonstrates that it was filed in good faith.[1]

It is clear that ScanSoft's motion for attorneys' fees is lacking in any supporting facts or law, and as such, ScanSoft's filing of its motion itself may implicate Rule 11 problems. Because

---

[1] Although this is not the case here, courts have even refused to impose Rule 56(g) sanctions where the movant's claims or defenses are "weak," Fort Hill, 866 F.2d at 16, or where a summary judgment argument is "meritless." Creusot-Loire Intern., Inc. v. Coppus Eng'g Corp., 585 F. Supp. 45, 52 (S.D.N.Y. 1983).

ART would rather focus on its substantive non-infringement case at this stage, ART will leave that issue for the Court to address.

## CONCLUSION

For the following reasons, in addition to the reasons discussed in ART's Reply in support of its Motion for Summary Judgment, the Court should deny ScanSoft's motion for attorneys' fees pursuant to Rule 56(g).

Respectfully submitted,

ART ADVANCED RECOGNITION
TECHNOLOGIES, INC.

By its Counsel,

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel: (617) 526-9600
Fax: (617) 526-9899

Dated:  October 4, 2004

## Certificate of Service

I hereby certify that on October 4, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by use of the Court's ECF system.

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)