IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                    )
SCANSOFT, INC.                      )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   Civil Action No. 04-10840-PBS
                                    )
ART ADVANCED RECOGNITION            )
TECHNOLOGIES, INC.                  )
                                    )
            Defendant.              )
_____)
```

### DEFENDANT'S MOTION FOR ENTRY
### OF PROTECTIVE (CONFIDENTIALITY) ORDER

Defendant ART Advanced Recognition Technologies, Inc. ("ART") moves for entry of the attached protective order, to govern the confidentiality of documents and information produced in the case.

As is typical in any patent litigation, the parties both agree that the Court should enter a protective order to protect the confidentiality of the parties' internal business information and documents. Indeed, the parties have negotiated the terms of a protective order, and have reached final agreement on *all* its terms, but for *one* clause – where ScanSoft seeks the right to show ART's "Highly Confidential" business information to ScanSoft's *in-house* counsel. Attached as Exhibit A is the protective order as negotiated and agreed to by the parties, with the exception of the clause giving "Highly Confidential" information to ScanSoft's in-house counsel.

There is *no* issue as to any of the terms in this protective order, and ART respectfully requests that the Court enter Exhibit A as an order to govern the confidentiality of documents and information between the parties in this case. ScanSoft, however, refuses to assent to this motion, informing ART's counsel that regardless of the fact that it agrees with everything in *this*

protective order, it will not assent to it because it does not *also* give ScanSoft's <u>*in-house*</u> counsel access to ART's *"Highly Confidential"* information. Of course, there is no need for ScanSoft's in-house counsel to have general access to all of ART's "Highly Confidential" information – information which includes, by definition, ART's commercially sensitive business information and documents.

To help focus the Court on the precise issue, ART and ScanSoft have agreed that there should be three types of protected information:

(1) "Confidential Information";[1]

(2) "Highly Confidential Information";[2] and

(3) "Technical Highly Confidential Information".[3]

<u>See</u> Protective Order at ¶ 3 (Ex. A).

As for "Highly Confidential Information," the parties agree that the following persons should be allowed access to such information: (a) court personnel; (b) court reporters; (c) counsel of record; (d) employees of third-party contractors (*e.g.*, for copying purposes, etc.); and (e) "Permitted Experts." <u>See</u> Protective Order at ¶ 7 (Ex. A).

---

[1] "Confidential Information" means (i) any proprietary or personal information, document, or thing which the producing party considers confidential and maintains as confidential which is not generally known and which the producing party has not made public; and (ii) data derived from such information, document or thing, including any summaries, compilations, quotes, or paraphrases thereof. <u>See</u> Protective Order at ¶ 3(a) (Ex. A).

[2] "Highly Confidential Information" means: (i) any type of proprietary or personal information, document, or thing that is "Confidential" as defined above, and the disclosure of which the producing party contends would cause substantial and/or irreparable harm to the producing party's business operations or interests or would divulge the personal affairs of the producing party or any third party; (ii) data derived from such information including any summaries, compilations, quotes, or paraphrases thereof; and (iii) any oral, written, or recorded material which consists of or contains trade secrets, proprietary research or development data (as defined under applicable law). <u>See</u> Protective Order at ¶ 3(b) (Ex. A).

[3] "Technical Highly Confidential Information" means "Highly Confidential Information" which (i) constitutes, reflects or reveals technical trade secrets and/or information which is subject to one or more pending patent applications, or (ii) is technical information for which the disclosing party intends to seek patent protection. <u>See</u> Protective Order at ¶ 3(c) (Ex. A).

-3-

Moreover, the parties agree that two "Permitted Representatives" of each party – including in-house counsel – *can* have access to "*Confidential* Information." ScanSoft says, however, that this is not enough, and that it will not assent to this motion unless ART adds *in-house* counsel also to the list of persons who can see ART's "*Highly* Confidential" information. Yet, ScanSoft has yet to articulate to ART any legitimate need for ScanSoft's in-house counsel to have access to ART's "Highly Confidential" information, *especially considering that the parties are competitors*, and that ART would have no reciprocal right to share "Highly Confidential" information with one of its own in-house representatives (because ART has no in-house *lawyer*).

Simply put, the parties are in agreement on *all* the necessary terms of a protective order governing discovery in this case. ScanSoft improperly refuses to assent to the entry of this order in order to gain some leverage for an unreasonable demand.

WHEREFORE, Defendant ART Advanced Recognition Technologies, Inc. moves this Court to enter the attached Exhibit A as an Order in this case.

    Respectfully submitted,

    ART ADVANCED RECOGNITION
    TECHNOLOGIES, INC.

    By its Counsel,

    /s/ Steven M. Bauer
    Steven M. Bauer (BBO #542531)
    Jeremy P. Oczek (BBO #647509)
    PROSKAUER ROSE LLP
    One International Place
    Boston, MA  02110
    Tel: (617) 526-9600
    Fax: (617) 526-9899

Dated:  October 21, 2004

## Certification of Counsel

  The undersigned counsel certifies, pursuant to Local Rule 7.1(A), that it has conferred with counsel for Plaintiff ScanSoft, Inc. and has attempted in good faith to resolve or narrow the issues presented by this motion.

                /s/ Jeremy P. Oczek
                Jeremy P. Oczek

## Certificate of Service

  I hereby certify that on October 21, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by use of the Court's ECF system.

                /s/ Steven M. Bauer
                Steven M. Bauer