UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10840 PBS |
| ) | |
| ART ADVANCED RECOGNITION ) | |
| TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR ENTRY OF PROTECTIVE (CONFIDENTIALITY) ORDER
-AND-
<u>CROSS-MOTION FOR ENTRY OF PROTECTIVE ORDER</u>**

ScanSoft, Inc. ("ScanSoft") hereby opposes the Motion for Entry of Protective (Confidentiality) Order filed by ART Advanced Recognition Technologies, Inc. ("ART") and cross-moves for entry of a protective order in this case pursuant to Federal Rule of Civil Procedure 26(c)(7). In support of this motion, ScanSoft states as follows:

1. ScanSoft and ART are competitors in the field of speech recognition technology and possess highly confidential and proprietary information that has been sought in discovery (including without limitation, source code, technical documents and financial documents) in this patent infringement case.

2. The parties agree that a protective order is needed to govern the handling and ensure the protection of this information, and, to that end, the parties have negotiated and reached agreement on the terms of a protective order, with one exception.

3. As required by Local Rule 7.1 and Rule 26(c) of the Federal Rules of Civil Procedure, counsel have attempted to resolve their differences with respect to the terms of the protective order, but have been unable to reach agreement on whether in-house counsel for the parties are to have access to information designated "HIGHLY CONFIDENTIAL."

4. As set forth in the accompanying memorandum of law, it is essential for ScanSoft's in-house counsel to have access to this information so that it can effectively monitor and participate in litigation activities and have an active and meaningful role in any settlement discussions. ScanSoft's in-house counsel are the persons responsible for any major strategy decisions concerning this lawsuit, including the recommendation to file it, the development of the strategy in prosecuting it, and the day-to-day work on the case. ScanSoft's in-house counsel cannot make informed decisions about the handling of this case if they do not have access to all relevant information. Moreover, ScanSoft's in-house counsel are sufficiently insulated from "competitive decision-making" such that there is no reason to deny them access to "HIGHLY CONFIDENTIAL" materials under the applicable case law.

WHEREFORE, ScanSoft respectfully requests that this Court deny ART's motion and enter ScanSoft's proposed protective order in the form attached hereto as Exhibit A.

CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that on numerous occasions through and including October 21, 2004, counsel for the parties conferred by telephone in an effort to resolve the issues presented in this motion, and that the parties were unable to reach an accord.

Dated: October 26, 2004

SCANSOFT, INC.
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
Jack C. Schecter, BBO#652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Telephone: (617) 443-9292
Facsimile: (617) 443-0004
Email: jschecter@bromsun.com

02639/00550 340106.1