UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>    Plaintiff,<br><br>  v.<br><br>ART ADVANCED RECOGNITION<br>TECHNOLOGIES, INC.<br><br>    Defendant. | Civil Action No. 04-10840 PBS |

## (SCANSOFT'S PROPOSED) PROTECTIVE ORDER

WHEREAS, the parties have consented to the entry of a Protective Order in this form and without further notice; and

WHEREAS, the Court having found that the discovery in the above-captioned action (to the extent that discovery goes forward) may involve the disclosure of documents, things, testimony and information in the possession, custody or control of one or more party or non-parties that may constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, the distribution of such information should reasonably be restricted, the Court finds that good cause exists for the entry of this Order.

THEREFORE, IT IS HEREBY ORDERED that the Parties, their employees, agents, counsel and representatives, shall follow the procedures set forth herein with respect to certain

documents, things, testimony and other information produced and/or disclosed in this action and all appeals or related proceedings taken or filed in connection therewith (the "Litigation"):

## Scope

1. For purposes of this Order, PROTECTED INFORMATION means all documents, things, testimony and other information produced, provided or made available by a party or non-party to this Litigation in the course of formal and informal discovery in this Litigation, including but not limited to: (a) documents, tangible things, and computer-stored, magnetically-stored or electronically-stored information; (b) responses to requests to produce documents or other things, responses to interrogatories, responses to requests to admit, or other written responses to formal or informal discovery; (c) affidavits or declarations; (d) answers, information, and documents provided in the course of depositions (either upon oral examination or written questions), including the transcripts of such depositions; and (e) copies, extracts, summaries, compilations, designations and portions of (a)-(d) above, that are defined as "PROTECTED INFORMATION" in Paragraph 2 below and designated as such in accordance with Paragraph 3 below.

## Types of Protected Information

2. There shall be three (3) types of PROTECTED INFORMATION:

   a. "CONFIDENTIAL INFORMATION" means (i) any proprietary or personal information, document, or thing which the producing party considers confidential and maintains as confidential which is not generally known and which the producing party has not made public; and (ii) data derived from such information, document or thing, including any summaries, compilations, quotes, or paraphrases thereof.

   b. "HIGHLY CONFIDENTIAL INFORMATION" means: (i) any type of proprietary or personal information, document, or thing that is "CONFIDENTIAL" as defined above, and the disclosure of which the producing party contends would cause substantial and/or

       irreparable harm to the producing party's business operations or interests or would divulge the personal affairs of the producing party or any third party; (ii) data derived from such information including any summaries, compilations, quotes, or paraphrases thereof; and (iii) any oral, written, or recorded material which consists of or contains trade secrets, proprietary research or development data (as defined under applicable law). For example, documents, things, testimony and information may be designated as "HIGHLY CONFIDENTIAL" if it relate to (1) technical or financial trade secrets; (2) research or development relating to not yet commercially available products; (3) research or development relating to currently available commercial products; (4) research or development which has never resulted in a commercial product; (5) proposed research or development; (6) customer lists; (7) production and manufacturing cost information; (8) pending patent applications and related prosecution documentation; (9) any other commercially sensitive business information, documents or things.

    c.    "TECHNICAL HIGHLY CONFIDENTIAL INFORMATION" means HIGHLY CONFIDENTIAL INFORMATION which (i) constitutes, reflects or reveals technical trade secrets and/or information which is subject to one or more pending patent applications, or (ii) is technical information for which the disclosing party intends to seek patent protection.

## Designation of Protected Information

3.    Any party may designate information as PROTECTED INFORMATION by the following means:

    a.    <u>Documents Produced by Party or Non-Party Claiming Confidentiality</u>: Every page of a document that contains confidential information shall bear the legend identifying the type of confidential information (*i.e.,* "TECHNICAL HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL") contained on such page.

    b.    <u>Responses To Interrogatories. Responses To Requests To Admit, or Other Written Responses To Discovery</u>: As to each specific response for which confidentiality is claimed, the responding party shall designate each such response as "TECHNICAL HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." The first page of the responses shall state that the responses contain "TECHNICAL HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY

3

    CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION."

c. <u>Affidavits or Declarations Provided in this Litigation</u>:  As to each specific portion of an affidavit or declaration for which confidentiality is claimed, the party tendering the affidavit or declaration shall designate each such portion as "TECHNICAL HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," and shall state on the first page of such document that the document contains "TECHNICAL HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION."

d. <u>Answers, Information, and Documents Provided in the Course of Depositions, Including Transcripts of Such Depositions</u>:  As to each specific portion of a deposition for which confidentiality is claimed, the party or non-party claiming confidentiality shall designate each such portion as "TECHNICAL HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."  Such designation shall be made by serving written notice to the other parties and the court reporter designating those portions of the transcript by page number and line number reference.  If no designation is made within thirty (30) calendar days from receipt of the transcript, the transcript (but not the deposition exhibits) shall be deemed not to contain any PROTECTED INFORMATION.  In any event, all deposition testimony shall be treated as "TECHNICAL HIGHLY CONFIDENTIAL" until thirty (30) days after the transcript is received from the court reporter.  During the taking of a deposition, any party who believes in good faith that any testimony about to be elicited will contain information that such party will likely designate as "TECHNICAL HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION" may declare the deposition "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "TECHNICAL HIGHLY CONFIDENTIAL," at which time all persons who are not permitted to receive such information shall leave the deposition room while such testimony is being taken.  Moreover, no attorney shall disclose, through questioning or otherwise, any "TECHNICAL HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information that any person attending a deposition would not be permitted to receive under the terms of this Order.  If a questioning attorney intends to disclose such information, the attorney shall state his or her intent

4

and request that all persons who are not permitted recipients of such information leave the deposition room so that the examination may proceed, and such persons shall leave the room for the duration of such disclosure. Each deposition transcript, or any portion thereof, which has been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or TECHNICAL HIGHLY CONFIDENTIAL, shall be so identified by the receiving party by affixing thereto the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "TECHNICAL HIGHLY CONFIDENTIAL," as appropriate.

### Inadvertent or Unintentional Production

4.      Any party that produces information, documents or things which it inadvertently or unintentionally fails to designate as "TECHNICAL HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" may so designate the information, documents or things by notifying in writing the receiving party(ies) promptly upon discovery of the error. From the date of such notice, the receiving party(ies) must treat such information, documents or things as TECHNICAL HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL, as appropriate, unless it successfully challenges the designation pursuant to paragraph 20. Disclosure of such information, documents or things prior to receipt of such notice to persons not authorized to receive HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION shall not be deemed a violation of this Order and shall not subject any individual to the limitations regarding TECHNICAL HIGHLY CONFIDENTIAL INFORMATION for such information, documents or things, as set forth in paragraph 16 below; however, those persons to whom the disclosure was made must be advised that the material disclosed is HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION and should be treated thereafter in accordance with this Stipulation and Protective Order.

5

**Use and Disclosure of Protected Information**

5. The parties shall use PROTECTED INFORMATION only for the purpose of this litigation. Nothing in this Stipulation and Protective Order shall prohibit or restrict a disclosing party from disclosing or using in any way its own PROTECTED INFORMATION.

6. CONFIDENTIAL INFORMATION shall be disclosed only to the following persons and entities:

    a. Court personnel;

    b. Court reporters engaged to render reporting services in this Litigation;

    c. Counsel of record, and other counsel employed by counsel of record's law firm(s) who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel;

    d. Employees of third-party contractors involved solely in one or more aspects of (i) organization, copying, copy filing, copy coding, converting, storing, or retrieving data; (ii) designing simulation, exhibits, or trial aids, or designing programs for handling data in connection with this litigation, including providing computerized litigation support, or (iii) jury consultant services, provided that each contractor involved in one or more aspects under (ii) or (iii) above has agreed in writing before such access is given to be bound by the terms of this Stipulation and Protective Order by executing the undertaking attached hereto as Exhibit A;

    e. PERMITTED EXPERTS (as defined in paragraph 8, below), including their employees, assistants, and clerical personnel, subject to the provisions of paragraph 10, below;

    f. PERMITTED REPRESENTATIVES (as defined in paragraph 9, below); and

    g. In-house counsel for the parties who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel.

7. HIGHLY CONFIDENTIAL INFORMATION shall be disclosed only to the following persons and entities:

    a. Court personnel;

    b. Court reporters engaged to render reporting services in this Litigation;

    c. Counsel of record, and other counsel employed by counsel of record's law firm(s) who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel;

    d. Employees of third-party contractors involved solely in one or more aspects of (i) organization, copying, copy filing, copy coding, converting, storing, or retrieving data; (ii) designing simulation, exhibits, or trial aids, or designing programs for handling data in connection with this litigation, including providing computerized litigation support, or (iii) jury consultant services, provided that each contractor involved in one or more aspects under (ii) or (iii) above has agreed in writing before such access is given to be bound by the terms of this Stipulation and Protective Order by executing the undertaking attached hereto as Exhibit A;

    e. PERMITTED EXPERTS (as defined in paragraph 8, below) including their employees, assistants, and clerical personnel, subject to the provisions of paragraph 10, below; and

    f. In-house counsel for the parties who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel.

8. A PERMITTED EXPERT is an independent expert not regularly employed by or associated with a party hereto and whose advice and opinions are being or will be used by a party hereto only in connection with preparation for trial or trial of this Litigation. Each corporate party to this Litigation may designate up to five (5) PERMITTED EXPERTS.

9. A PERMITTED REPRESENTATIVE is an officer, employee, or director of a corporate party to this Litigation who is actively assisting in the litigation of, or wholly or partially responsible for making decisions concerning, this Litigation, provided that the person

7

agrees in writing before such access is given to be bound by the terms of this Stipulation and Protective Order by executing the undertaking attached hereto as Exhibit A. Each corporate party to this Litigation may designate up to two (2) PERMITTED REPRESENTATIVES. A party who wishes to designate a person as a PERMITTED REPRESENTATIVE shall disclose to all other counsel, in writing, the person's name, and title.

10. In the event that one party to this Litigation shall desire to provide access to PROTECTED INFORMATION hereunder to a PERMITTED EXPERT, that party must first identify, in writing to the disclosing party, the PERMITTED EXPERT and allow the disclosing party five business (5) days in which to object thereto. No PROTECTED INFORMATION shall be provided to the PERMITTED EXPERT during the five business (5) days following a timely objection. In the event the parties are unable to resolve the objection, the objecting party may file a motion for an order preventing the disclosure of information within five business (5) days after such objection is made. Following the filing of a timely motion for an order preventing the disclosure of information, unless and until the motion is withdrawn or until the Court enters an Order to the contrary, no PROTECTED INFORMATION shall be disclosed to the PERMITTED EXPERT. The failure of a party to object or file a motion as and when provided for in this paragraph shall be deemed approval by that party to the designation of the PERMITTED EXPERT as a person to whom the identified PROTECTED INFORMATION may be disclosed, provided that the person agrees in writing before such access is given to be bound by the terms of this Stipulation and Protective Order by executing the undertaking attached hereto as Exhibit A.

11. In the event that a party to this Litigation shall desire to provide access to PROTECTED INFORMATION to anyone other than those identified in paragraphs 6 or 7

herein, that party must first notify in writing the other party to this Litigation and (i) identify the person to whom disclosure is sought; (ii) identify the PROTECTED INFORMATION the party desires to provide that identified person; and (iii) allow the disclosing party five business (5) days in which to object thereto. No PROTECTED INFORMATION shall be provided to the identified person during the five business (5) days following a timely objection. In the event the parties are unable to resolve the objection, the non-objecting party may file a motion for an order permitting the disclosure of information within five business (5) days after such objection is made. Following the filing of a timely motion for an order permitting the disclosure, unless and until the Court enters an Order to the contrary, no PROTECTED INFORMATION shall be disclosed to the identified person. The failure of a party to object as and when provided for in this paragraph shall be deemed approval by that party to the designation of the identified person as a person to whom the identified PROTECTED INFORMATION may be disclosed, provided that the person agrees in writing before such access is given to be bound by the terms of this Stipulation and Protective Order by executing the undertaking attached hereto as Exhibit A.

12. The disclosure of PROTECTED INFORMATION to the person or entities identified in Paragraphs 6, 7, and 11 shall be limited to the disclosure reasonably necessary for such person's or entity's activities in connection with this Litigation.

13. The designation of any document as TECHNICAL HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION shall not preclude any party to this Litigation from showing the document to any persons listed on the face of such document as the (a) author, (b) addressee or (c) carbon copy recipient.

14. The receiving party(ies) of any information, documents or things identified as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or

TECHNICAL HIGHLY CONFIDENTIAL hereunder shall maintain such information, documents or things in a secure and safe area and exercise due and proper care with respect to the storage, custody use and/or dissemination of such information, documents or things. CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or TECHNICAL HIGHLY CONFIDENTIAL shall be held in confidence by each party to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

### Source Code

15. Any source code produced by a party to this Protective Order may be marked as "TECHNICAL HIGHLY CONFIDENTIAL INFORMATION--COPYING PROHIBITED." In producing any source code so marked, the disclosing party shall produce two (2) hard copies of the source code. Such source code shall not be copied in any manner by the receiving party. Source code marked as TECHNICAL HIGHLY CONFIDENTIAL INFORMATION--COPYING PROHIBITED shall be disclosed only to the following persons: (i) Counsel of record, and other counsel employed by counsel of record's law firm(s) who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel; and (ii) PERMITTED EXPERTS (as defined in paragraph 8), subject to the provisions of paragraph 10. Each party reserves the right to seek production of electronic source code. To the extent a party requests electronic copies of source code marked as TECHNICAL HIGHLY CONFIDENTIAL INFORMATION--COPYING PROHIBITED, the parties will discuss in good faith whether such electronic copies will be provided and, if appropriate, how such electronic copies would be produced.

**TECHNICAL HIGHLY CONFIDENTIAL INFORMATION**

16.     Any attorney, consultant, or employee of any law firm who sees, reviews, or discusses the subject matter of a disclosing party's TECHNICAL HIGHLY CONFIDENTIAL INFORMATION shall not participate in the prosecution of any patent application on behalf of the receiving party (including any parents, subsidiaries, divisions, successors, or affiliates of the receiving party) relating to the subject matter of the disclosing party's TECHNICAL HIGHLY CONFIDENTIAL INFORMATION for a period of three (3) years following the termination of this litigation.  So long as the disclosing party's TECHNICAL HIGHLY CONFIDENTIAL INFORMATION has not entered the public domain or been abandoned, any attorney, consultant, or employee of any law firm who sees, reviews, or discusses the subject matter of the disclosing party's TECHNICAL HIGHLY CONFIDENTIAL INFORMATION shall in no way use that TECHNICAL HIGHLY CONFIDENTIAL INFORMATION in the prosecution of any patent application on behalf of the receiving party without the disclosing party's consent.  For purposes of this Protective Order, "participates in the prosecution of patent applications," as used herein, includes drafting, conceiving, modifying, amending, or making decisions relative to patents or patent applications.

**Certification of Persons to Whom Protected Information Is Disclosed**

17.     Disclosure of PROTECTED INFORMATION to PERMITTED EXPERTS and PERMITTED REPRESENTATIVES is permitted only after such persons have signed an undertaking in the form attached hereto as Exhibit A, the original or a copy of which must be retained by the counsel in this Litigation who facilitates disclosure of the information to such persons.

**Filing of Protected Information**

18.    Any party filing with the Court any motion, brief, exhibit, or other document in this Litigation that incorporates, contains, or discloses the contents of PROTECTED INFORMATION shall mark such document in accordance with subparagraph 3(a) above, and shall file the document under seal, in accordance with Local Rule 7.2. However, mere references in a motion, brief or other document filed with the Court to a document, information or thing that contains PROTECTED INFORMATION need not be filed under seal, so long as the reference does not disclose the substance of the PROTECTED INFORMATION, and provided that if the document itself is attached as an exhibit or attachment to the motion, brief or other document filed with the Court, then the exhibit or attachment itself shall be filed under seal.

19.    Any party filing with the Court any motion, brief, exhibit, or other document in this Litigation in accordance with paragraph 18 above shall provide to the other party a redacted copy of said filing within one (1) business day. The redacted copy shall remove any disclosure of the substance of the PROTECTED INFORMATION in the filing and shall be suitable for distribution to all persons, including persons other than those identified in paragraphs 6 or 7 above.

**Challenges to Designation of Protected Information**

20.    Any party may challenge, at any time, a designation of any information as TECHNICAL HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL information. A challenge may be made by sending written notice to the party asserting the designation and shall identify the information, documents or things and the basis of the challenge to the designation(s). Counsel shall confer in good faith and use reasonable efforts to resolve

any disagreement over whether the information is in fact TECHNICAL HIGHLY CONFIDENTIAL , HIGHLY CONFIDENTIAL or CONFIDENTIAL.  If a dispute arises and it is not resolved within ten (10) business days of counsel for the disclosing party's receipt of the written notice, the party challenging the designation shall have ten (10) business days thereafter to file a motion with the Court for a ruling that the information or material shall not be treated as TECHNICAL HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL  Unless and until the Court enters an order to the contrary, the information in dispute shall be treated as designated by the party asserting confidentiality (i.e. as TECHNICAL HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL or CONFIDENTIAL, as the case may be).

### Miscellaneous Provisions

21.     This Order shall be served upon any non-party from which documents or information is sought by a party in connection with this Litigation.  All rights conferred by this Order upon a party are also conferred upon any non-party that produces documents or information in this Litigation.

22.     Nothing in this Order shall preclude any party from seeking a modification of this Order, provided that any modification that reduces or eliminates the protections afforded to PROTECTED INFORMATION produced or provided by a non-party shall not take place without notice and an adequate opportunity to be heard by such non-party.

23.     Nothing in this Stipulation and Protective Order, nor any action taken in compliance herewith, shall (i) operate as an admission by any party that any particular information is, or is not, TECHNICAL HIGHLY CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION, or (ii) operate as an admission by any party that any particular TECHNICAL HIGHLY

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION is, or is not, admissible in evidence at the trial or other proceeding in this Litigation.

24. Nothing in this Order shall not be construed to require production of documents, tangible things, or information for which any common law or statutory attorney-client privilege, work-product immunity, or other privilege or immunity from compelled disclosure is asserted or the disclosure of which would breach a court order or an express or implied agreement with a third party to maintain such documents, tangible things, or information in confidence. However, any party may move the Court for an order directing the disclosure of such documents, tangible things or information so that the Court can resolve any such issue.

25. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client, and in the course thereof, relying generally on his or her examination of PROTECTED INFORMATION; provided, however, that in rendering such advice or otherwise communicating with such client, counsel shall not disclose the actual contents of any document marked as TECHNICAL HIGHLY CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION, except pursuant to the procedures otherwise set forth in this Order.

26. This Order shall survive the termination of this Litigation and the protection afforded by this Order shall remain in effect until limited or terminated by a written agreement of the parties or by an order the Court.

27. Within sixty (60) calendar days after final judgment or final appeal in this Litigation (if an appeal is taken), each party shall return to the producing party all documents and tangible materials, items or things that constitute, comprise or contain PROTECTED

INFORMATION, and shall destroy in whatever form stored or reproduced, all other documents and tangible materials, items or things, including, but not limited to, pleadings, correspondence, memoranda, notes and other work-product materials, which contain or refer to PROTECTED INFORMATION. All PROTECTED INFORMATION not embodied in documents or tangible materials, items or things, shall remain subject to this Order. Notwithstanding the foregoing, counsel of record shall be entitled to maintain, within its own internal files, a single archival copy of all PROTECTED INFORMATION furnished by the producing party, and a reasonable number of copies of all transcripts, pleadings and any exhibits introduced at trial of this action. All documents prepared by counsel of record or PERMITTED EXPERTS, containing summaries, abstracts or quotations from documents designated by a party as protected by this Order, shall be destroyed or kept within the internal files of the counsel of record for the parties and their PERMITTED EXPERTS.

28. The restrictions and obligations set forth in this Order relating to PROTECTED INFORMATION shall not apply to any information, documents or things which: (i) at or prior to disclosure in this action, is or was a matter of public knowledge or was independently developed by the receiving party; (ii) has become public knowledge other than as a result of disclosure of the receiving party; or (iii) has come into the receiving party's legitimate possession independently of the producing party or any third party subject to this Protective Order. Nothing in this Order shall be deemed to prohibit discussions of any PROTECTED INFORMATION with any person if said person already has legitimate possession thereof.

29. If PROTECTED INFORMATION in the possession or control of any party in this Litigation is subpoenaed, requested or demanded in another action or proceeding, the party receiving such subpoena, request, or demand shall (i) promptly give notice thereof to the party

that produced the PROTECTED INFORMATION, and (ii) object to the production of the PROTECTED INFORMATION by setting forth the existence of this Order. The party asserting the confidentiality designation shall thereafter bear the burden of objecting to or defending against any such subpoena, request or demand.

30.     Neither the provisions of this Order, nor any designation or failure to designate any particular information as TECHNICAL HIGHLY CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION under this Order, shall constitute a waiver of any party's assertion of confidentiality with respect to any document, tangible thing, or information in any other action or proceeding.

31.     Notwithstanding any other provision of this Order, all of the parties in this Litigation may by joint written agreement designate any document, tangible thing, or information that does not fall into the definitions of TECHNICAL HIGHLY CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION as being confidential and subject to the general protections afforded by this Order.

32.     The provisions of this Protective Order apply to all proceedings in this Litigation, including all appeals, arbitrations, settlement proceedings, and proceedings on remand.

**SO ORDERED:**

_____
The Honorable Patti B. Saris
UNITED STATES DISTRICT JUDGE

Date: _____

02639/00550  341504.1

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SCANSOFT, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ART ADVANCED RECOGNITION )<br>TECHNOLOGIES, INC. )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 04-10840 PBS |

**UNDERTAKING OF** _____

The undersigned, hereby acknowledges that he or she has read the Protective Order entered in connection with the case of *ScanSoft, Inc. v. ART Advanced Recognition Technologies, Inc.*, Civil Action No. 04-CV-10840 PBS, that he or she understands the provision prohibiting the disclosure or use of protected information for any purpose or in any manner not connected with the prosecution or defense in this case, and that he or she agrees to be bound by all provisions of the aforesaid Protective Order, and that he or she submits to the jurisdiction of the United States District Court for the Massachusetts for purposes of enforcement of the undertakings he or she has made herein.

Date: _____            _____
                                                  Name:
                                                  Title:
                                                  Company: