# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10840 PBS |
| ) | |
| ART ADVANCED RECOGNITION ) | |
| TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT MOTION OF PLAINTIFF AND NON-PARTY WITNESSES FOSTER, SCHALK AND BAREIS FOR A PROTECTIVE ORDER

Plaintiff ScanSoft, Inc. ("ScanSoft") and non-parties, Peter J. Foster, Thomas B. Schalk and Bernard F. Bareis ("the non-party witnesses"), hereby move, pursuant to Fed. R. Civ. P. 26(c)(2) for a protective order precluding ART Advanced Recognition Technologies, Inc. ("ART") from going forward with the depositions of the non-party witnesses on the dates originally noticed in ART's deposition subpoenas and deferring the deadline for production of documents responsive to the document requests attached to ART's subpoenas to November 15, 2004. In support of this motion, ScanSoft states as follows:

1. On Thursday, October 21, 2004, ART served subpoenas on counsel for Messrs. Foster, Schalk and Bareis, commanding these individuals to appear to be deposed on Thursday, October 28; Friday, October 29; and Saturday, October 30, respectively (attached as Exhibits B,

C and D).[1]  In addition, the subpoenas commanded the non-party witnesses to produce and permit inspection and copying of the documents specified in Schedule A attached to each subpoena, consisting of twenty-nine (29) separate document requests.  ART's subpoenas allowed the non-party witnesses less than four business days to comply with the document requests, requiring production of the requested documents by 9:00 am, Wednesday, October 27, 2004.

2.  On Monday, October 25, 2004, ART wrote counsel for the non-party witnesses and expressed a willingness to reschedule the subpoenaed depositions and production of documents to a series of dates prior to the Court's hearing on ART's Motion for Summary Judgment of Non-Infringement, scheduled for November 17, 2004.

3.  That same day, after conferring with the non-party witnesses and referencing their own schedules, counsel for ScanSoft and the non-party witnesses wrote ART and explained that the earliest time the non-party witnesses and their attorneys would be available to attend the depositions would be during the first two weeks of December, in Boston, MA.  ScanSoft told ART that it was working with the proposed deponents to arrive at specific dates within this two week time period and that it would communicate those dates to ART as soon as possible.  In response to the document requests attached to the deposition subpoenas, ScanSoft and the non-party witnesses told ART that they would be filing objections to the requests but agreed to produce documents on or about November 15.

4.  On Tuesday, October 26, 2004, ART responded to the letter from counsel for ScanSoft and the non-party witnesses by insisting that documents be produced and the non-party witnesses appear to be deposed on the original dates set forth in the subpoenas.

---

[1] Although the subpoenas are dated October 20, 2004, they were sent to deponents' counsel via facsimile after the close of business on that day and were received by mail the

5.  As the court in which this action is pending, this Court has the power to protect ScanSoft and Messrs. Foster, Schalk and Bareis from ART's unreasonable attempts to require the production of documents and attendance at the noticed depositions. *See* Fed. R. Civ. P. 26(C). ART's subpoenas simply do not allow the non-party witnesses sufficient time to comply. *See* Fed. R. Civ. P. 26(C)(2). For the non-party witnesses to adequately search their files for responsive documents, collect and copy those documents for production to ART, prepare to be deposed, and resolve scheduling conflicts with the noticed dates, they need substantially more time than that provided them by the dates set forth in ART's subpoenas.

6.  While reserving the right to object to certain of the requests and topics for examination set forth in the subpoenas at issue, ScanSoft and the non-party witnesses do not generally contest ART's right to discovery from Messrs. Foster, Schalk and Bareis. Rather, ScanSoft and the non-party witnesses seek protection from the unreasonable timetable for compliance upon which ART now insists. To force the non-party witnesses to comply with the deposition subpoenas and document requests on the dates originally specified would create an undue burden and be manifestly unjust to both the deponents and ScanSoft, especially in the face of ScanSoft's offer to make the deponents available for deposition in Boston, MA, in early December.

WHEREFORE, ScanSoft and the non-party witnesses respectfully request that this Court enter a protective order precluding ART from going forward with the depositions of Messrs. Foster, Schalk and Bareis on the dates originally noticed and deferring the deadline for production of documents responsive to ART's document requests to November 15, 2004. A proposed order is attached as Exhibit A.

---

following day. As such, the deposition subpoenas were effectively served on October 21, 2004.

CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that counsel for the parties conferred by telephone in an effort to resolve the issues presented in this motion, and that the parties were unable to reach an accord.

| | |
|---|---|
| Dated: October 27, 2004 | SCANSOFT, INC., PETER J. FOSTER, THOMAS B. SCHALK AND BERNARD F. BAREIS |

By their attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert M. Asher, BBO #022865
Julia Huston, BBO #562160
Jack C. Schecter, BBO#652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Telephone: (617) 443-9292
Facsimile: (617) 443-0004
Email: jschecter@bromsun.com

02639/00550 342351.1

**Exhibit A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10840 PBS |
| ) | |
| ART ADVANCED RECOGNITION ) | |
| TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] PROTECTIVE ORDER IN CONNECTION WITH THE DEPOSITIONS
OF NON-PARTY WITNESSES FOSTER, SCHALK AND BAREIS**

After consideration of the pleadings submitted by the parties on the Joint Motion of Plaintiff and Peter J. Foster, Thomas B. Schalk and Bernard F. Bareis for a Protective Order, it is hereby ordered that ART Advanced Recognition Technologies, Inc. ("ART") is precluded from going forward with the depositions of Messrs. Foster, Schalk and Bareis on the dates originally noticed and the deadline for production of documents responsive to ART's document requests is deferred to November 15, 2004.

Dated:                    , 2004                                    _____
                                                                    United States District Judge

5