**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                          )
SCANSOFT, INC.                                  )
                                                          )
                           Plaintiff,              )
                                                          )
v.                                                       )          Civil Action No. 04-10840-PBS
                                                          )
ART ADVANCED RECOGNITION            )
TECHNOLOGIES, INC.                          )
                                                          )
                           Defendant.            )
_____)

**DEFENDANT'S OPPOSITION TO JOINT MOTION OF PLAINTIFF AND**
**WITNESSES FOSTER, SCHALK AND BAREIS FOR A PROTECTIVE ORDER**

Defendant ART Advanced Recognition Technologies, Inc. ("ART") opposes the motion
of plaintiff ScanSoft, Inc. ("ScanSoft") and Peter Foster, Thomas Schalk and Bernard Bareis
("the Inventors") for entry of a protective order pursuant to Fed. R. Civ. P. 26(c)(2), to preclude
ART from proceeding with the depositions and production of documents of the inventors of the
patent-in-suit, until after the Court's hearing on November 17, 2004.

It is disappointing that ScanSoft has chosen to burden the Court with this scheduling
matter, while not telling the Court the most important point:   ART _agreed_ to defer the
depositions from the noticed dates _if ScanSoft provided revised confirmed dates_ before the
summary judgment hearing scheduled for November 17, 2004.  Yet, rather than simply provide
alternative dates or provide any reason why the witnesses are not available before the hearing,
neither ScanSoft _nor_ any of the Inventors have submitted a declaration with a single fact in
support of their motion for a protective order.  That is, rather than explain why the witnesses are
unavailable to be deposed on any of the twenty days between October 28, 2004 and November

16, 2004, the only thing ScanSoft has told ART or this Court is that *everyone* is busy during the entire month of November. The Court should deny ScanSoft's motion for protective order for this reason alone.

Importantly, the reason ScanSoft seeks to delay the depositions of the Inventors should be manifestly clear: ScanSoft has argued in opposition to ART's motion for summary judgment that the Court should not rule on that motion because discovery is necessary before a summary judgment or Markman hearing is held. Although this case is ripe for summary judgment, if ScanSoft is to believed at all, what discovery could be more relevant than that of the Inventors? ART's subpoenas for the depositions of the Inventors could not have taken ScanSoft by surprise.

ScanSoft is merely trying to delay the Inventors' depositions until after the Court's hearing on November 17, 2004. To be sure the depositions take place, and because the Inventors have submitted themselves to the jurisdiction of this Court, ART is also filing herein a motion to compel the depositions and production of documents of the Inventors.

WHEREFORE, ART requests that the Court deny the motion of ScanSoft and the Inventors for a protective order to preclude ART from proceeding with the subpoenaed depositions and production of documents of the Inventors. Because ScanSoft and the Inventors moved for a protective order *the day before* the first subpoenaed deposition, and *on the day* documents were to be produced, ART requests in its corresponding motion to compel that the Court order the Inventors to produce documents and stand ready to be deposed on or before November 16, 2004.

Respectfully submitted,

ART ADVANCED RECOGNITION
TECHNOLOGIES, INC.

By its Counsel,

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel: (617) 526-9600
Fax: (617) 526-9899

Dated:  October 29, 2004

## Certificate of Service

I hereby certify that on October 29, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by use of the Court's ECF system.

/s/ Steven M. Bauer
Steven M. Bauer