IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
SCANSOFT, INC.                     )
                                   )
            Plaintiff,             )
v.                                 )   Civil Action No. 04-10840-PBS
                                   )
ART ADVANCED RECOGNITION           )
TECHNOLOGIES, INC.                 )
                                   )
            Defendant.             )
_____)

**DEFENDANT'S MOTION TO COMPEL DEPOSITIONS
AND PRODUCTION OF DOCUMENTS FROM WITNESSES FOSTER,
SCHALK AND BAREIS (THE INVENTORS OF THE PATENT-IN-SUIT)**

Defendant ART Advanced Recognition Technologies, Inc. ("ART") hereby moves to compel the depositions and production of documents from Peter Foster, Thomas Schalk and Bernard Bareis ("the Inventors"), who are the inventors of the patent-in-suit, on or before November 16, 2004.

ART duly served subpoenas on the Inventors to appear at depositions on October 28-30, 2004 and to produce documents on October 27, 2004 (attached hereto as Exhibits B, C and D). ART informed ScanSoft, however, that it would agree to defer any of those depositions from the noticed dates, for ScanSoft's and the witness's convenience, *if ScanSoft provided revised confirmed dates* before the Court's hearing on November 17, 2004. Instead, ScanSoft and the Inventors filed a motion for protective to preclude ART from proceeding with the subpoenaed depositions *until December*.

The Court has scheduled a hearing on November 17, 2004 on ART's motion for summary judgment of non-infringement. ScanSoft has argued in its opposition that discovery is

necessary before a summary judgment or Markman hearing is held. Although this case is ripe for summary judgment, if ScanSoft is to believed, what discovery could be more relevant than that of the Inventors? These subpoenas for depositions and production of documents could not have taken ScanSoft by surprise. Tellingly, *neither* ScanSoft *nor* any of the Inventors have submitted affidavits with their motion for a protective order providing a reason that they are unavailable to be deposed on any of the twenty days between October 28, 2004 and November 16, 2004. The only thing ScanSoft has told ART was that everyone is busy during the entire month of November. ScanSoft should not be trying to delay the Inventors' depositions until after the hearing, *without providing any reason for the delay*.

To be sure the depositions and production of documents take place, and because the Inventors have submitted themselves to the jurisdiction of this Court, ART is filing this motion to compel the depositions and production of documents of the Inventors. ART requests that the Court enter an order for the Inventors to produce documents and stand ready to be deposed on or before November 16, 2004.

WHEREFORE, ART requests that the Court enter the attached Order (Exhibit A) and order Peter Foster, Thomas Schalk and Bernard Bareis to be deposed in this case on or before November 16, 2004, and produce documents pursuant to the subpoenas served upon them at least two (2) business days before their respective depositions.

Respectfully submitted,

ART ADVANCED RECOGNITION
TECHNOLOGIES, INC.

By its Counsel,

/s/ Steven M. Bauer
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel: (617) 526-9600
Fax: (617) 526-9899

Dated:  October 29, 2004

## Certification of Counsel

The undersigned counsel certifies, pursuant to Local Rule 7.1(A), that it has conferred with counsel for Plaintiff ScanSoft, Inc. and has attempted in good faith to resolve or narrow the issues presented by this motion.

/s/ Jeremy P. Oczek
Jeremy P. Oczek

## Certificate of Service

I hereby certify that on October 29, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by use of the Court's ECF system.

/s/ Steven M. Bauer
Steven M. Bauer