AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN     DISTRICT OF     TEXAS

| | |
|---|---|
| SCANSOFT, INC., Plaintiff, <br><br> V. <br><br> ART ADVANCED RECOGNITION TECHNOLOGIES, INC., Defendant. | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1] 04-10840-PBS (D. Mass) |

TO: Bernard F. Barels
c/o BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Esquire Deposition Services <br> 703 McKinney Avenue #320, Dallas, TX 75202 | DATE AND TIME <br> 10/30/2004 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached SCHEDULE A.

| PLACE  Esquire Deposition Services <br> 703 McKinney Avenue #320, Dallas, TX 75202 | DATE AND TIME <br> 10/27/2004 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* (Attorney for Defendant) | 10/20/2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeremy P. Oczek, Esq., PROSKAUER ROSE LLP, One International Place, Boston, MA 02110, Tel. (617) 526-9600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | 10/20/2004 | BROMBERG & SUNSTEIN LLP<br>125 Summer Street, Boston, MA 02110-1618 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Julia Huston, Esq. on behalf of Bernard F. Bareis | Facsimile and first class mail (service accepted) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jeremy P. Oczek, Esq. | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ 10/20/2004 _____
DATE

_Jeremy P. Oczek_
SIGNATURE OF SERVER

Jeremy P. Oczek, Esq.
ADDRESS OF SERVER

One International Place, Boston, MA 02110

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.     The term "ScanSoft" means plaintiff ScanSoft, Inc. in this action, and any of its predecessors, successors, subsidiaries, divisions, departments, assigns, parent corporations, foreign and domestic affiliates, organizational operating units, and all present or former partners, principles, employees, officers, directors, agents, legal representatives, consultants, or other persons acting for or on its behalf.

2.     The term "ART" means defendant ART Advanced Recognition Technologies, Inc. in this action, and any of its predecessors, successors, subsidiaries, divisions, departments, assigns, parent corporations, foreign and domestic affiliates, organizational operating units, and all present or former partners, principles, employees, officers, directors, agents, legal representatives, consultants, or other persons acting for or on its behalf.

3.     The term "'966 patent" means U.S. Patent No. 6,501,966 entitled "Speech Recognition System For Electronic Switches In A Non-Wireline Network."

4.     The term "'848 patent" means U.S. Patent No. 6,157,848 entitled "Speech Recognition System For Electronic Switches In A Non-Wireline Network."

5.     The term "'597 patent" means U.S. Patent No. 5,659,597 entitled "Speech Recognition System For Electronic Switches In A Non-Wireline Network."

6.     The term "'183 patent" means U.S. Patent No. 5,297,183 entitled "Speech Recognition System For Electronic Switches In Cellular Telephone or Personal Communication Network."

7.     The term "Speech Recognition Technology" means any technology for use in recognizing speech commands, including any product or service for use in dialing telephone

numbers in response to a voice input. This definition includes but is not limited to speech recognition software.

8.     The term "documents" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means. This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents, computer data compilations, electronic mail messages, and voice mail messages. If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition.

9.     The terms "relating" mean concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

10.     The terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

11.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     The use of the singular form of any word shall include the plural and vice versa.

13.     If a document request is silent as to the time period for which production of documents or other things is sought, you shall produce all documents within your possession, custody, or control at any time before and up through, the date of your production.

14.   All documents shall be produced as kept in the usual course of business, including all file folders, binders, notebooks and other devices by which such papers or things may be organized or separated or organized and labeled to correspond to each request.

15.   If any document is withheld from production for any reason, or any portion of any document is redacted for any reason in connection with the production of a document, provide a statement setting forth:

(a)   the name and title of the document's author(s);

(b)   the name and title of the person(s) to whom the document was addressed;

(c)   the name and title of the person(s) to whom copies of the document were sent;

(d)   the date on which the document was written or otherwise provided;

(e)   the number of pages;

(f)   a brief description of the document's type (*e.g.*, letter, memorandum, notes, etc.) and subject matter;

(g)   all grounds on which the document, or portion of the document, is being withheld; and

(h)   the name of the person(s) in whose files the withheld or redacted document was found and the present location of the document and all copies thereof.

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

1.    All documents relating to the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

2.    All documents relating to the conception and/or reduction to practice of the subject matter of each claim of the '966 patent, the '848 patent, the '597 patent and/or the '183 patent, including, without limitation, disclosure documents or the like.

3.    All documents relating to the preparation, filing, or prosecution of the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

4.    All documents relating to any prior art with respect to the subject matter defined by any claim of the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

5.    All documents relating to any prior art discovered and/or uncovered by any search ever conducted by you with respect to the subject matter defined by any claim of the '966 patent, the '848 patent, the '597 patent and/or the '183 patent, including, without limitation, United States and foreign patent office search results and search reports.

6.    All documents relating to the first, second, and third sales of those products for which you believe are covered by (i.e., the claims read upon) the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

7.    All documents relating to the first, second, and third offers for sale of those products for which you believe are covered by (i.e., the claims read upon) the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

8.    All documents relating to the conception, design, development, manufacture and introduction to the market place of any product that you believe is covered by the '966 patent,

the '848 patent, the '597 patent and/or the '183 patent, or which was the basis for the patent application that matured into the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

9.    All documents relating to Speech Recognition Technology that were created or existed on or before April 13, 1992.

10.    All documents relating to Speech Recognition Technology that you authored or created on or before April 13, 1992, including all articles and papers.

11.    All documents relating to an article from 1986 entitled "Voice Recognition in Cellular Mobile Telephones," by Thomas B. Schalk, pages 24-28, attached hereto as Exhibit A.

12.    All documents relating to a operating manual from 1989 entitled "VoiceDial Operating Guide, America's First Speaker Independent Voice Command Systems for Cellular Telephones," by Uniden, pages 1-18, attached hereto as Exhibit B.

13.    All documents relating to an article from 1991 entitled "Dialing a Phone by Voice," by Pawate et al., Machine Design, pages 95-98, attached hereto as Exhibit C.

14.    All documents relating to Speech Recognition Technology and Voice Control Systems that were created or in existence on or before April 13, 1992.

15.    All documents relating to Speech Recognition Technology and Uniden America Corporation that were created or in existence on or before April 13, 1992.

16.    All documents relating to Speech Recognition Technology and Texas Instruments, Inc. that were created or in existence on or before April 13, 1992.

17.    All documents relating to Uniden America Corporation's VoiceDial.

18.    All documents relating to Texas Instruments, Inc.'s Speech System V Toolkit.

19.   All documents relating to any efforts by you to view, examine, inspect, analyze, evaluate, and/or test any product relating to the subject matter of the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

20.   All documents relating to any licenses or offers to license the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

21.   All documents relating to any royalties or payments that you have received relating to the '966 patent, the '848 patent, the '597 patent and/or the '183 patent.

22.   All documents relating to any of your personnel files from ScanSoft, Inc. (which includes Voice Control Systems).

23.   All employment agreements and/or separation agreements with ScanSoft, Inc. (which includes Voice Control Systems).

24.   All documents relating to any correspondence between you and ScanSoft from December 31, 2002 to the present.

25.   All documents relating to any correspondence between you and the law firm Bromberg & Sunstein LLP (including all present or former partners, principles, employees, agents, legal representatives, consultants, or other persons acting for or on its behalf) from December 31, 2002 to the present.

26.   All documents relating to the action captioned *ScanSoft, Inc. v. ART Advanced Recognition Technologies, Inc.*, Civil Action No. 04-10840-PBS, pending in the United States District Court for the District of Massachusetts.

27.   All documents relating to the action captioned *ScanSoft, Inc. v. Voice Signal Technologies, Inc. et al.*, Civil Action No. 04-10353-PBS, pending in the United States District Court for the District of Massachusetts.

28.    All documents relating to ART from December 31, 2002 to the present.

29.    A copy of your most recent curriculum vitae.