UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-CV-10840-PBS

SCANSOFT, INC.,

Plaintiff

V.

ART ADVANCED RECOGNITION TECHNOLOGIES, INC.,

Defendant

**ORDER ON
DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE
(CONFIDENTIALITY) ORDER
(Docket # 39)**

**AND**

**JOINT MOTION OF PLAINTIFF AND NON-PARTY
WITNESSES FOSTER, SCHALK AND BAREIS
FOR A PROTECTIVE ORDER
(Docket # 42)**

**AND**

**DEFENDANT'S MOTION TO COMPEL DEPOSITIONS
AND PRODUCTION OF DOCUMENTS FROM WITNESSES
FOSTER, SCHALK AND BAREIS (THE INVENTORS
OF THE PATENT-IN-SUIT)
(Docket # 45)**

ALEXANDER, M.J.,

This case is before the Court for rulings on three discovery-related motions.

Defendant Art Advanced Recognition Technologies ("ART") moves for entry of a

protective order governing the confidentiality of documents and information produced

during discovery. Plaintiff ScanSoft, Inc., filed a timely opposition, and its own version of a protective order, and, separately, filed a motion for a protective order related to depositions of, and documents from, non-party witnesses that ART has subpoenaed. ART, in turn, filed a timely opposition to ScanSoft's motion. Additionally, in response to ScanSoft's motion, ART filed a motion to compel the depositions and production of documents. For the reasons set forth more fully below, the Court DENIES ART's motion for a protective (confidentiality) order, ALLOWS Scansoft's motion for a protective order, and DENIES ART's motion to compel.

ART's Motion for a Protective (Confidentiality) Order

ART and ScanSoft are involved in a patent dispute. They agree that they need an order to protect the confidentiality of certain information produced during discovery, and have reached agreement on all but one term of such order: whether ScanSoft's in-house counsel should have access to information deemed by the parties as "highly confidential". ART argues that ScanSoft has not articulated any "legitimate need" for ScanSoft's in-house counsel to have access to highly confidential information. ART also points out that it would have no reciprocal right because it does not have in-house counsel. ScanSoft, on the other hand, argues that its in-house counsel are responsible for "major strategy decisions" related to the litigation with ART and that in-house counsel can not make decisions about how to proceed without access to all relevant information.

Whether in-house counsel should have access to an opposing party's confidential information appears to turn on whether the in-house counsel is involved in "competitive decisionmaking" for its company. U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984). See also, e.g., Volva Penta of the Americas, Inc. v. Brunswick Corp., 187 F.R.D. 240, 242 (E.D. Va. 1999). ScanSoft states that its in-house counsel do not make competitive business decisions or resolve matters of competitive marketing strategy or product development. Furthermore, ScanSoft included with its opposition to ART's motion an affidavit from its in-house counsel John O'Toole. Mr. O'Toole has sworn that he is not involved in activities that amount to "competitive decisionmaking." Additionally, in-house counsel are bound by the same professional obligations, and subject to the same sanctions, as retained counsel should they fail to comply with the terms of a protective or confidentiality order. U.S. Steel, 730 F.2d at 1468.

On the basis of Mr. O'Toole's affidavit, his professional obligations, and because the Court does not believe that ScanSoft's in-house counsel should be barred from reviewing highly confidential information simply because ART does not happen to have its own in-house counsel, the Court DENIES ART's motion. The parties are directed to confer to prepare their protective order in accordance with this Order.

ScanSoft's Motion for a Protective Order and ART's motion to compel

ScanSoft has moved for a protective order to stop ART from proceeding with depositions of Peter J. Foster, Thomas B. Schalk and Bernard F. Bareis (the "non-party witnesses") on the dates designated by ART. ART initially served subpoenas on the non-party witnesses on October 21, 2004, directing them to appear for depositions on October 28 - 30, 2004. The subpoenas also directed the non-party witnesses to produce certain documents by October 27, 2004. ART thereafter notified ScanSoft that ART would be willing to re-schedule the depositions and document production to the first two weeks in November. A hearing on ART's motion for summary judgment is currently scheduled for November 17, 2004, before the District Court, and ART's goal appears to be to depose the non-party witnesses, and review the non-party witnesses documents, prior to the summary judgment hearing.

ScanSoft agreed to produce the requested documents, and any objections to the requests, by November 15, 2004, but told ART that the earliest the non-party witnesses could be available for depositions would be the first two weeks in December. Ultimately, the parties could not reach an agreement, and ScanSoft therefore filed its motion. In addition to its opposition to the motion, ART filed a motion to compel the depositions of, and the production of documents from, the non-party witnesses, on or before November 16, 2004.

4

The docket in this case indicates that the District Court issued a notice of the November 17, 2004, summary judgment hearing on September 20, 2004. Although the Court understands ART's interest in deposing the non-party witnesses, and reviewing their documents, prior to the summary judgment hearing, ART has offered no basis for why it waited until the end of October, and only a few weeks prior to the date of the summary judgment hearing, to subpoena depositions and documents from the non-party witnesses. ScanSoft has not objected, in general, to ART's right to discovery from the non-party witnesses and has agreed to produce the requested documents by November 15, 2004. Given the short time frame and what appears to be an effort on ScanSoft's part to provide at least some of what ART seeks prior to the summary judgment hearing, the Court ALLOWS ScanSoft's motion for a protective order and DENIES ART's motion to compel.[1] Accordingly, ScanSoft is directed to produce documents responsive to the requests included in ART's subpoenas to the non-party witnesses, and any objections thereto, by November 15, 2004. ScanSoft is also directed to follow through on its offer to make the non-party witnesses available for depositions in early December.

SO ORDERED.

11/1/04
Date

United States Magistrate Judge

---

[1] To the extent that ScanSoft's motion seeks to bar ART from deposing the non-party witnesses on the originally noticed dates, that part of the motion is moot. Those dates have already passed, and ART, by moving to compel the depositions on or before November 16, 2004, essentially agreed not to take the depositions on the originally noticed dates.