**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
|                                              | )  |
| SCANSOFT, INC.                               | )  |
|                                              | )  |
|                   Plaintiff,                 | )  |
| v.                                           | )  Civil Action No. 04-10840-PBS |
|                                              | )  |
| ART ADVANCED RECOGNITION                     | )  |
| TECHNOLOGIES, INC.                           | )  |
|                                              | )  |
|                   Defendant.                 | )  |
|_____| )  |

**ART'S RESPONSE TO SCANSOFT'S "SUPPLEMENTAL" MEMORANDUM
IN SUPPORT OF ITS CROSS-MOTION FOR ENTRY OF PROTECTIVE ORDER**

Despite Magistrate Judge Alexander's clear direction that only one in-house ScanSoft lawyer who submitted a declaration should be allowed access to ART's "Highly Confidential" business information, based on his representations in that declaration that he is not involved in competitive decision-making, ScanSoft has filed a "supplemental" memorandum in support of its cross-motion for entry of a protective order (Docket #49), requesting entry of a protective order giving access to all of ART's highly confidential information to *all* of its in-house counsel (seven total), including its general counsel, Ms. Sinclair.

According to ScanSoft's website (available on the Internet at the following address: http://www.scansoft.com/company/profile/management.asp):

> **Jo-Anne Sinclair**
>
> **Vice President and General Counsel**
> As Vice President and General Counsel, Jo-Anne Sinclair is a key member of the senior management team, contributing business insights as well as being responsible for the oversight and growth of ScanSoft's legal department. Her efforts are focused on strategic transactions, general legal operations, advising on intellectual property issues, and corporate governance. Prior to ScanSoft, Jo-Anne practiced law at Heller Ehrman White & McAuliffe. She worked closely with clients from a variety of industries, providing strategic business advice and legal counsel in completing licensing, development, marketing and distribution arrangements. Jo-Anne also practiced in Heller Ehrman's Corporate and Securities group, focusing on financings, mergers, acquisitions and public offerings for companies in a range of technology fields. Jo-Anne graduated from the University of Saskatchewan, College of Law.
> ∴ back to top

There is no question that Ms. Sinclair is involved with ScanSoft's competitive decision-making: (1) Ms. Sinclair is Vice President of ScanSoft; (2) Ms. Sinclair is a "key member of the senior management team," (3) Ms. Sinclair is involved with "contributing business insights," (4) Ms. Sinclair's "efforts are focused on strategic transactions," and (5) Ms. Sinclair is involved with "advising on intellectual property issues."

Magistrate Judge Alexander's Order only stated that one in-house counsel, Mr. O'Toole, should be given access to "Highly Confidential" information:

> On the basis of Mr. O'Toole's affidavit, his professional obligations, and because the Court does not believe ScanSoft's in-house counsel [Mr. O'Toole] should be barred from reviewing highly confidential information simply because ART does not happen to have its own in-house counsel, the Court DENIES ART's motion. The parties are directed to confer to prepare their protective order in accordance with this Order.

Order at 3.

ScanSoft *now* tells the Court that *all* of its other in-house counsel are "similarly situated to John O'Toole with respect to their lack of involvement in competitive decision-making." ScanSoft's Supp. Mem at 2. Of course, to decide whether to allow disclosure of confidential

information to counsel, the Court must examine "the factual circumstances surrounding *each individual counsel's* activities, association, and relationship with a party," to gauge the risk of inadvertent disclosure. Boehringer Ingelheim Pharm., Inc. v. Hercon Labs. Corp., 1990 WL 160666, *1 (D. Del. Oct. 12, 1990) (emphasis added). Magistrate Judge Alexander's Order only considered Mr. O'Toole's activities, association and relationship with ScanSoft. The reason that the Magistrate Judge's Order *only* considered Mr. O'Toole is because ScanSoft failed to tell the Court about its other *six* in-house counsel.[1] As such, it is clear that ScanSoft is misrepresenting facts to the Court, and that ScanSoft's self-serving statement that "none of ScanSoft's in-house counsel is involved in competitive decision-making" is false.

In sum, ScanSoft only informed the Court that Mr. O'Toole was its in-house counsel, and Magistrate Judge Alexander's Order only stated that Mr. O'Toole should be given access to "Highly Confidential" information.[2] Accordingly, ART respectfully requests that the Court should enter the attached protective order (Exhibit A) that limits access to "Highly Confidential" to Mr. O'Toole only, which is exactly what Magistrate Judge Alexander ordered.

## CONCLUSION

Based on reasons set forth herein and in the Magistrate Judge's Order (Docket #48), the Court should deny ScanSoft's request to enter its version of the protective order, and the Court should enter the attached protective order (Exhibit A).

---

[1] ScanSoft did not even tell the Court the *names* of its other six in-house counsel (except for Ms. Sinclair, which it informed the Court for the first time in its "supplemental" memorandum).

[2] On November 7, ART's counsel sent the attached protective order (Exhibit A) to ScanSoft's outside counsel. However, ScanSoft refused to sign this protective order, even though the Magistrate Judge's Order only allowed Mr. O'Toole to have access to "Highly Confidential" information, and instead, ScanSoft filed its "supplemental" memorandum with the Court.

-4-

                                      Respectfully submitted,

                                      ART ADVANCED RECOGNITION
                                      TECHNOLOGIES, INC.

                                      By its Counsel,

                                      /s/ Steven M. Bauer
                                      Steven M. Bauer (BBO #542531)
                                      Jeremy P. Oczek (BBO #647509)
                                      PROSKAUER ROSE LLP
                                      One International Place
                                      Boston, MA  02110
                                      Tel: (617) 526-9600
                                      Fax: (617) 526-9899

Dated:  November 11, 2004


## Certificate of Service

    I hereby certify that on November 11, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by use of the Court's ECF system.

                                      /s/ Steven M. Bauer
                                      Steven M. Bauer